IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| COMPLAINT OF AET INC. LIMITED | § | |
| AS OWNER, AND AET | § | CIVIL ACTION NO. _____ |
| SHIPMANAGEMENT (SINGAPORE) | § | |
| PTE. LTD AS MANAGER, OF THE | § | ADMIRALTY RULE 9(h) |
| M/V EAGLE OTOME, FOR | § | 1:10CV0051 |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
JAN 29 2010
DAVID J. MALAND, CLERK
BY DEPUTY _____

## VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

COME NOW AET Inc. Limited as owner and AET Shipmanagement (Singapore) Pte. Ltd as manager (hereafter "Limitation Plaintiffs"), of the M/V EAGLE OTOME (the "Vessel"), in a cause of action for exoneration from or limitation of liability, and allege upon information and belief as follows:

### I.

This is a cause of admiralty and maritime jurisdiction, as hereinafter more fully appears, brought under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty & Maritime Claims (the "Supplemental Rules").

### II.

At all times hereinafter mentioned, Limitation Plaintiffs, AET Inc. Limited as owner and AET Shipmanagement (Singapore) Pte. Ltd as manager were, and now is, a foreign corporation, and was at all times hereinafter mentioned the owner of the Vessel.

### III.

At all times hereinafter mentioned, the Vessel was a Singapore flagged, 1994-built crude oil tanker of 52,504 gross tonnage, with principal dimensions of 810 feet in length, 42 feet in breadth, and 64 feet in depth.

### IV.

Prior to and at all times hereinafter described, Limitation Plaintiffs exercised due diligence to make and to maintain the Vessel in all respects seaworthy; and at all times hereinafter described the Vessel was, in fact, tight, staunch, strong, and fully and properly equipped, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged until the occurrence of the casualty hereinafter described.

### V.

On January 23, 2010, the Vessel was proceeding up the Sabine-Neches Canal in Port Arthur, Texas, when it was involved in an impact with the cargo vessel M/V GULL ARROW, and then was struck by a barge being pushed ahead by the towing vessel M/V DIXIE VENGEANCE, causing severe damage to the Vessel and the release of an undetermined amount of crude oil.

### VI.

As a result of the impacts between the vessels, the aforementioned damage occurred, necessitating the salvage of the Vessel. Additionally, the striking barge and/or the towing vessel may have sustained damage.

### VII.

In addition to the foregoing claim, Limitation Plaintiffs anticipate additional claims may be asserted against them and the Vessel by other parties for property damages, personal injuries, or other losses as a result of the incident. Limitation Plaintiffs are, as of this date, unaware of any suits, petitions, demands, unsatisfied

claims of liens, or liens against the Vessel in connection with the incident made the subject of this Complaint.

## VIII.

As is evidenced above, this Complaint is filed within the running of six months from the date Limitation Plaintiffs will have received first notice of a limitable claim.

## IX.

The value of Limitation Plaintiffs' interest in the Vessel following the casualty described above is TWENTY-ONE MILLION SIX HUNDRED THOUSAND DOLLARS ($21,600,000.00). Attached as Exhibit A is the affidavit of David H. Scruton of 3D Marine USA, Inc. confirming the value.

## X.

The total amount of pending freight for this voyage as of the casualty is $524,472.11. Attached as Exhibit B is the affidavit of Mohd Arip Bin Ismail confirming the freight pending.

## XI.

Subject to an appraisal of their interests, Limitation Plaintiffs herewith deposit with the Court, as security for the benefit of all potential claimants, a Letter of Undertaking in the sum of $22,124,472.11, plus interest at six percent (6%) per annum from the date of said security instrument, said sum representing the total value of the Vessel, its appurtenances, and pending freight following the casualty.

## XII.

Limitation Plaintiffs claim exoneration from liability for any and all injuries, death, losses, or damages occurring as a result of the aforesaid casualty and for any and all claims therefor. Limitation Plaintiffs allege that they have valid defenses thereto on the facts and on the law. Alternatively, Limitation Plaintiffs, without admitting but


affirmatively denying all liability, claim the benefit of the limitation of liability provided for in The Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, (formerly 46 U.S.C. App. §§ 181, *et seq.*) and the various statutes supplemental thereto and amendatory thereof, and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims, and to that end Limitation Plaintiffs herewith deposit with the Court, as security for the benefit of potential claimants, the aforementioned Letter of Undertaking.

## XIII.

Should it later appear that Limitation Plaintiffs are or may be liable and that the amount or value of their interest in the Vessel and its pending freight is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum represented by the Letter of Undertaking, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules, the general maritime law, and by the rules and practices of this Honorable Court.

## XIV.

All and singular the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE, Limitation Plaintiffs pray that:**

(1) This Court issue an Order approving the Letter of Undertaking deposited with the Court by Limitation Plaintiffs, as security for the amount or value of their interest in the Vessel and its pending freight;

(2) This Court issue a notice, in the form attached as Exhibit C, to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation,

admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Limitation Plaintiffs a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Limitation Plaintiffs an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

(3) This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Limitation Plaintiffs and/or against the Vessel, her officers and crew or against any employee or property of Limitation Plaintiffs except in this action, to recover damages for or in respect of any loss, damage, injury or death occasioned or incurred as a result of the aforesaid casualty;

(4) This Court adjudge that Limitation Plaintiffs are not liable to any extent for any injuries, death, losses, or damages occurring as a result of the casualty in question, or for any claim thereafter in any way arising out of or resulting from the aforesaid casualty;

(5) This Court adjudge that Limitation Plaintiffs are not liable to any extent for any injuries, death, loss, or damages occurring as a result of the casualty in question, or for any claim whatsoever in any way arising from or in consequence of the aforesaid casualty; or if Limitation Plaintiffs shall be adjudged liable, then that such liability be limited to the amount or value of Limitation Plaintiffs' interest in the Vessel and its pending freight, as aforesaid, at the end of the voyage on which it was engaged at the time of said injuries, losses, or damages, and that Limitation Plaintiffs be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or

secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging Limitation Plaintiffs and the Vessel from all further liability; and

(6)  Limitation Plaintiffs may have such other, further or different relief as may be just in the circumstances.

                                                    Respectfully submitted,

                                                    STEVENS BALDO FREEMAN & LIGHTY, L.L.P.

By: _____
       Mark Freeman
       Texas Bar No. 07426600
       550 Fannin Street, Suite 700
       Beaumont, Texas 77701
       Telephone:  409.835.5200
       Facsimile:  409.835.5201
       freeman@sbf-law.com

**ATTORNEYS FOR LIMITATION PLAINTIFFS, AET INC. LIMITED AND AET SHIPMANAGEMENT (SINGAPORE) PTE. LTD**

**OF COUNSEL:**

David E. James
STEVENS BALDO FREEMAN & LIGHTY, L.L.P.
Texas Bar No. 24032467
djames@sbf-law.com

James Patrick Cooney
Texas Bar No. 04770000
Jay T. Huffman
Texas Bar No. 24059980
ROYSTON RAZOR VICKERY & WILLIAMS
711 Louisiana Street, Suite 500
Houston, Texas 77002

713.224.8380
patrick.cooney@roystonlaw.com

Tom Nork
Texas Bar No. 1507850
PHELPS DUNBAR LLP
700 Louisiana St., Suite 2600
Houston, TX 77002-2700
Tele: 713.225.7222
Fax: 713.626.1388
norkt@phelps.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF AET INC. LIMITED AS OWNER, AND AET SHIPMANAGEMENT (SINGAPORE) PTE. LTD AS MANAGER, OF THE M/V EAGLE OTOME, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § CIVIL ACTION NO. _____ ADMIRALTY RULE 9(h) |

## VERIFICATION

**STATE OF TEXAS**

**COUNTY OF JEFFERSON**

Before me now, the undersigned Notary, came and appeared Mark Freeman, who after being duly sworn, did depose and state:

1. That he is counsel with the law firm of STEVENS BALDO FREEMAN & LIGHTY, L.L.P., and is the attorney for Limitation Plaintiffs in the above-captioned and -numbered proceeding;

2. That he has read the above and foregoing Complaint for Exoneration From or Limitation of Liability, that all of the allegations of fact contained therein are true and correct to the best of his information, knowledge and belief, and that the source of his knowledge and the grounds for his belief being information obtained from his clients and investigation by him and his representatives; and

3. That he is specifically authorized by Limitation Plaintiffs to make this Verification on their behalf.

_____
Mark Freeman

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS 29th DAY OF JANUARY, 2010.

_____
Notary Public



JILLENE INGRAM
Notary Public, State Of Texas
My Commission Expires
12-21-2013