UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF AET, INC., LIMITED, AS OWNER, | § | |
| AND AET SHIPMANAGEMENT PTE. | § | C.A. NO. 1:10-CV-0051-RC |
| LTD. AS MANAGER, OF THE | § | ADMIRALTY RULE 9(h) |
| M/V EAGLE OTOME, FOR | § | |
| EXONERATION FROM OR LIMITATION | § | |
| OF LIABILITY | § | |

**ORIGINAL CLAIM AND ANSWER OF GEARBULK SHIPOWNING, LTD.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Gearbulk Shipowning, Ltd. ("Gearbulk"), as Owner of the M/V GULL ARROW, and, under protest and without prejudice to its position that Petitioners AET, Inc., Limited and AET Shipmanagement Pte. Ltd. ("Petitioners") are not entitled to exoneration from or limitation of liability, file this Claim and Answer to the Complaint for Exoneration from or Limitation of Liability of Petitioner and would respectfully show the Court as follows:

**I. ORIGINAL CLAIM FOR DAMAGES BY GEARBULK SHIPOWNING, LTD.**

1. Gearbulk, a foreign corporation with a principal place of business in Bermuda, brings this claim to recover damages incurred as a result of the allision of the M/V EAGLE OTOME into the M/V GULL ARROW and the subsequent collision between the EAGLE OTOME and M/V DIXIE VENGEANCE on January 23, 2010, in the Sabine-Neches Canal in Port Arthur, Texas. Gearbulk, at all times relevant, was and is the owner of the M/V GULL ARROW.

2. Petitioners are foreign corporations and at all times relevant to this action, owned, operated, managed and/or controlled the EAGLE OTOME.

3. At approximately 0936 hours on January 23, 2010, while the GULL ARROW was safely and properly moored portside at Dock No. 2 in the Port of Port Arthur, Texas, the inbound tanker EAGLE OTOME struck the starboard side of the GULL ARROW. The allision caused severe damage to the hull of other parts of the GULL ARROW.

4. At the time of the allision, cargo discharge operations were underway aboard the GULL ARROW. As a result of the allision caused by the EAGLE OTOME, and upon information and belief, individuals have alleged injuries as a result of the allision and may make claims against Gearbulk for damages they claim to have sustained as result of the incident. Also as a result of the allision, the GULL ARROW made contact with the dock in the Port of Port Arthur.

5. Immediately after the EAGLE OTOME allided with the GULL ARROW, the EAGLE OTOME and DIXIE VENGEANCE collided in the channel near the GULL ARROW, which remained moored at Dock No. 2 in the Port of Port Arthur. The collision of the EAGLE OTOME and DIXIE VENGEANCE resulted in the release of an undetermined amount of crude oil from the EAGLE OTOME.

6. The allision of the EAGLE OTOME into the GULL ARROW, the collision between the EAGLE OTOME and DIXIE VENGEANCE, and the resulting pollution incident were not caused or contributed to, or by any fault or neglect on the part of Gearbulk or the GULL ARROW, but was caused by the dangerous and unseaworthy condition of the EAGLE OTOME, which was within the privity and knowledge of Petitioners, and by the fault, negligence, want of due care, gross negligence, willful, wanton, and reckless misconduct of Petitioners.

7. This claim is hereby made by Gearbulk for compensation for the hull damage to the GULL ARROW, loss of hire, and other allision damages. To the extent that any individual

or other entity seeks damages from Gearbulk as a result of this incident, Gearbulk also hereby makes a claim for contribution and/or indemnity for said damages.

8. Gearbulk reserves the right to amend or supplement this claim to assert such other and further facts or allegations as later become known.

9. This claim is being made under protest and without prejudice to Gearbulk's contention that this limitation and exoneration action is improper and should be dismissed. Similarly, this claim is being made without prejudice to Gearbulk's right to challenge the sufficiency of Petitioners' limitation fund.

WHEREFORE PREMISES CONSIDERED, Gearbulk Shipowning Ltd. demands judgment against Petitioners AET, Inc., Limited and AET Shipmanagement Pte. Ltd. in an amount to be determined by this Court and including interest and costs.

## II. ORIGINAL ANSWER OF GEARBULK SHIPOWNING LTD. TO PETITIONERS' VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

NOW COMES Gearbulk Shipowning, Ltd. ("Gearbulk"), as Owner of the M/V GULL ARROW, to file this Original Answer to the Verified Complaint of AET Inc., Limited and AET Shipmanagement (Singapore) Pte. Ltd. ("Petitioners"), as owner and manager of the M/V EAGLE OTOME, for Exoneration from or Limitation of Liability, and respectfully shows as follows:

### FIRST DEFENSE

Petitioners' Complaint for Exoneration from or Limitation of Liability fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

The security given or lack thereof by the Petitioners should be increased because it is less than the value of Petitioners' interest in the EAGLE OTOME and her pending freight.

Accordingly, Gearbulk reserves the right to file an exception contravening the value of the EAGLE OTOME as alleged in Petitioners' Verified Complaint and supporting Affidavit of Value. Further, Gearbulk reserves the right to request under Rule F(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure that the Court cause due appraisal to be made of the value of the EAGLE OTOME and her pending freight, and that Petitioners post security in the form of a stipulation as to the appraised value.

### THIRD DEFENSE

Gearbulk responds to the allegations in Petitioners' Verified Complaint in correspondingly numbered paragraphs as follows:

I.   Gearbulk admits the allegations contained in paragraph I.

II.  On information and belief, the allegations contained within paragraph II regarding Petitioners are believed to be true; accordingly, they are admitted.

III. On information and belief, the allegations contained within paragraph III regarding the EAGLE OTOME are believed to be true; accordingly, they are admitted.

IV.  Gearbulk denies the allegations contained within paragraph IV.

V.   Gearbulk admits the allegations contained within paragraph V.

VI.  Gearbulk is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph VI; alternatively, they are denied.

VII. Gearbulk admits the allegations contained within paragraph VII.

VIII. Gearbulk is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph VIII; alternatively, they are denied.

IX.  Gearbulk denies the allegations contained within paragraph IX.

X.   Gearbulk denies the allegations contained within paragraph X.

XI. Gearbulk denies the allegations contained within paragraph XI.

XII. Gearbulk denies that Petitioners are entitled to exoneration from and/or limitation of liability in connection with the incident that is made the basis of this lawsuit, as alleged in paragraph XII.

XIII. Gearbulk denies the allegations contained within paragraph XIII.

XIV. Gearbulk admits that jurisdiction is proper and that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, as alleged in paragraph XIV. To the extent the remaining statements of paragraph XIV require a response, they are denied.

Further, Gearbulk denies that Petitioners are entitled to the prayed for relief in paragraphs (1) – (6).

## **FOURTH DEFENSE**

For further answer, the incident made the basis of this suit, and any damages arising from same were not caused or contributed to by the fault or neglect of Gearbulk or the crew of the GULL ARROW or on the part of anyone for whom Gearbulk is legally responsible.

## **FIFTH DEFENSE**

For further answer, the GULL ARROW was tight, staunch, strong, and seaworthy at all times and in all respects relevant to this incident.

## **SIXTH DEFENSE**

For further answer, the incident made the basis of this suit and any damages arising therefrom were caused, in whole or in part, by the unseaworthiness of the EAGLE OTOME and/or by the negligence of Petitioners.

## SEVENTH DEFENSE

Petitioners had privity and/or knowledge of its design and/or negligence and/or the unseaworthiness of the EAGLE OTOME that caused, in whole or in part, the incident made the basis of this suit, and any damages arising therefrom were caused by the unseaworthiness of the EAGLE OTOME and/or by the design and/or negligence of Petitioners.

## EIGHTH DEFENSE

Nothing that Gearbulk and/or the crew of the GULL ARROW did or failed to do caused or contributed to the incident made the basis of this suit, and any damages arising therefrom; however, if Gearbulk is found liable for any damages allegedly arising out of the aforementioned incident, then Gearbulk is entitled to contribution or indemnity from the Petitioners and/or other third parties.

WHEREFORE, PREMISES CONSIDERED, Gearbulk Shipowning Ltd. prays that Petitioners AET, Inc., Limited and AET Shipmanagement Pte. Ltd.'s Verified Complaint for Exoneration from or Limitation of Liability be dismissed; that Petitioners' security be deemed insufficient; and that Gearbulk Shipowning Ltd. have such other and further relief as the Court may deem just and fair.

          Respectfully submitted,

          */s/ William A. Durham*
          William A. Durham
          State Bar No. 06281800
          Mary Holmesly
          State Bar No. 24057907
          20th Floor, Niels Esperson Building
          808 Travis
          Houston, TX  77002
          713/225-0905 – Telephone
          713/225-2907 – Telefax

          *Attorneys for Gearbulk Shipowning Ltd.*

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I forwarded a true and correct copy of the foregoing instrument to the following counsel of record on this the 12th day of February, 2010.

Mark A Freeman
Stevens Baldo and Freeman
550 Fannin, Suite 700
Beaumont, TX 77701
Fax: 14098385638

David Earl James
Stevens Baldo and Freeman
550 Fannin, Suite 700
Beaumont, TX 77701
Fax: 14098385638

James Patrick Cooney
Royston Rayzor Vickery & Williams
711 Louisiana Street, Suite 500
Houston, TX 77002
Fax: 17132259945

Thomas Robert Nork
Phelps Dunbar - Houston
700 Louisiana, Suite 2600
Houston, TX 77002
Fax: 713-626-1388

/s/ *William A. Durham*
William A. Durham