IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF AET INC., LTD., AS OWNER, AND AET SHIPMANAGEMENT PTE., LTD. AS MANAGER, OF THE M/V EAGLE OTOME, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § CIVIL ACTION NO. 1:10-CV-51-MAC |

**CLAIM OF DAMAGES (IMPLEADING EXXON MOBILE CORPORATION)
AND ANSWER TO AET'S COMPLAINT
FOR EXONERATION OR LIMITATION OF LIABILITY**

TO THE HONORABLE UNITED STATES JUDGE:

NOW COMES, DiAnna Broussard, Kimberly Washington, Dominica Benjamin, Cynthia Clark, Judith Milson, Julie Mayon, Charles J. Johnson, Tommy G. Cruise, referred to collectively herein as "**Claimants**" and "**Third Party Plaintiffs**", implead Third Party Defendant, EXXON MOBILE CORPORATION, pursuant to Rule 14(c) of the Federal Rules of Civil Procedure, make claims against EXXON MOBILE CORPORATION, as operators of the M/V EAGLE OTOME, and make claims Limitations Plaintiffs, AET, INC., LIMITED as owner and AET SHIPMANAGEMENT PTE, LTD as manager of the M/V EAGLE OTOME (collectively referred to herein as "AET"), and answer the Complaint for Exoneration of Liability as follows:

**I.**

**IMPLEADER**

1. Third Party Defendant, EXXON MOBILE CORPORATION, is a corporation incorporated under the laws of New Jersey and having a main office at 800 BELL ST,

RM 2605, HOUSTON, TX 77002-7497 USA, in Houston, Texas, and is licensed to do business in Texas, and can be served through its registered agent for accepting service, Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, at 211 E. 7TH STREETSUITE 620, AUSTIN, TX 78701-3218.

2. Impleader of EXXON MOBILE CORPORATION (hereinafter "EXXON") is proper in this proceeding under Rule 14(c) of the Federal Rules of Civil Procedure. Third Party Plaintiffs' assert claims against EXXON for the same occurrence or series of occurrences as that occurrence or series of occurrences for which they seek claims against ATE and the same occurrence or series of occurrences for which ATE has sought exoneration and limitation of liability.

II.

**CLAIM OF DAMAGES**

3. On January 23, 2010, a tanker owned and managed by AET, and being chartered by EXXON, collided with two vessels in Port Arthur, Texas. 462,000 gallons of crude oil were spilled into the canal as result of this collision. The collision and subsequent oil spill occurred in the Sabine-Neches Canal near the residential communities of Port Arthur where the Claimants reside. The spillage and oil spread caused harmful gasses to pervade the air and carry through the Port Arthur community. As a result of the oil spill and the release of harmful substances and gases into the environment and community, Claimants suffered bodily injury and property damage.

4. Due to the negligence, carelessness and fault of AET and EXXON as owners and/or operators of the M/V EAGLE OTOME, all of which was in the privity and

knowledge of Petitioner, all Claimants sustained severe bodily injuries and property damages.

5. Additionally, AET and EXXON's conduct created a private nuisance which substantially interfered with Claimants' use and enjoyment of land by causing unreasonable discomfort and/or annoyance to persons of ordinary sensibilities attempting to use and enjoy land. In the alternative to causing a private nuisance, AET and EXXON's conduct created a public nuisance which subverted public health and public order, and obstructed public rights causing Claimants distinct injuries.

6. Nothing that the Claimants did or failed to do on the occasion caused or in any way contributed to cause their injuries.

7. The Claimants are entitled to maintain an action and bring their claims for the following damages arising out of the above-described catastrophe:

    (a) Claim is made for compensation for the physical, mental and emotional pain, suffering and impairment that has been and will be sustained by Claimants as a result of the above injuries.

    (b) Claim is made for the loss of earnings and wage earning capacity sustained by Claimants as a result of their injuries.

    (c) Claim is made for the past and future medical expenses that have been and in reasonable probability will be incurred by Claimants as a result of their injuries.

    (d) Claim is made for valuation, repair, and restoration damages to Claimants' personal and real property.

  (e) Claim is made for punitive damages for injuries arising from Petitioner's willful, malicious, grossly negligent conduct.

  (f) Claim is made for costs of court, pre-judgment and post-judgment interest to which Claimants are entitled under the law.

8. This claim is being made under protest and without prejudice to Claimants' position that this limitation is improper and should be dismissed.

9. The damage of Claimants are unliquidated at this time but will clearly exceed Seventy-Five Thousand Dollars ($75,000).

Wherefore, Claimants demand judgment against AET and EXXON for the full value of each Claimant's damages, in addition to interest and costs.

### III.

### ANSWER TO AET'S COMPLAINT

COME NOW Claimants, and answer the complaint of AET INC., LTD and AET SHIPMANAGEMENT PTE. LTD (hereinafter "AET") that seeks exoneration from or limitation of liability.

10. Claimants admit the allegation in Paragraph I of AET's verified complaint.

11. Claimants have no basis on which to admit or deny the allegation in Paragraph II of AET's verified complaint.

12. Claimants have no basis on which to admit or deny the allegation in Paragraph III of AET's verified complaint.

13. Claimants contest and/or deny the allegations in AET's verified complaint. Particularly, the owners, operators and/or persons of interest in the M/V EAGLE OTOME exercised due diligence to make and maintain said vessel in all respects

seaworthy. Claimants further contest and/or deny that the M/V EAGLE OTOME was tight, staunch, strong, fully and properly equipped, and fit for the service in which said vessel was engaged. Claimants do not have enough information in order to admit or deny the remaining allegations contained in Paragraph IV of AET's verified complaint.

14. Claimants admit the allegation in Paragraph V of AET's verified complaint.

15. Claimants lack information necessary to admit or deny the allegation in Paragraph VI of AET's verified complaint that damage to the M/V EAGLE OTOME required it to be salvaged following the incident. Claimant admits the remaining allegations in Paragraph VI of AET's verified complaint.

16. Claimants lack information necessary to admit or deny the allegations in Paragraph VII of AET's verified complaint.

17. Claimants admit the allegation in Paragraph VIII of AET's verified complaint.

18. Claimants contest and/or deny all allegations contained in Paragraph IX of AET's verified complaint.

19. Claimants contest and/or deny all allegations contained in Paragraph X of AET's verified complaint.

20. Claimants contest and/or deny all allegations contained in Paragraph XI of AET's verified complaint.

21. Claimants contest and/or denies all allegations contained in Paragraph XII of AET's verified complaint.

22. Claimants lack information necessary to admit or deny the allegations in Paragraph XIII of AET's verified complaint.

23. Claimants lack information necessary to admit or deny the allegations Paragraph XIV of AETs verified complaint.

24. In answering ATE's complaint for exoneration from or limitation of liability, Claimants would show that ATE is not entitled to exoneration from liability. The injuries of Claimants were proximately caused by the negligence, carelessness and fault of AET in failing to use ordinary care in its operation of M/V EAGLE OTOME, to use ordinary care in maintaining the M/V EAGLE OTOME, institute adequate maintenance and repair procedures to assure that the ship's equipment was maintained in good operating condition, provide an adequate and competent crew; use ordinary care to train its crew; and operate the M/V EAGLE OTOME while it was in a seaworthy condition.

25. In further answering, Claimants would show that AET is not entitled to limitation of liability for the reason that said acts of negligence and conditions of were within the privity and knowledge of AET.

26. Without waiving their claim that AET is not entitled to an exoneration from or limitation of liability, Claimants reserve their right to demand a trial by jury in the forum of their choice pursuant to the "saving the suitors" clause of the judiciary act of 1789, 28 U.S.C. § 333.

27. Without waiving their claim that AET is not entitled to an exoneration from or limitation of liability, Claimants reserve their right provided under Rule F(7) of the Supplemental Rules for Certain Admiralty Maritime Claims under the Federal Rules of Civil Procedure to demand that the amount of security referred to in AET's Ad Interim Stipulation be increased on the grounds that it is less than AET's interest in the vessel

or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183 (b)-(f).

WHEREFORE, PREMISES CONSIDERED, Claimants pray that AET's complaint seeking exoneration from or limitation of liability be dismissed and for such other and further relief to which they may be entitled.

Respectfully submitted,

**VUJASINOVIC & BECKCOM, L.L.P.**

By: /s/ *Kenneth B. Fenelon, Jr.*
_____
**Kenneth B. Fenelon, Jr.**
State Bar No. 24059741
1001 Texas Avenue, Suite 1020
Houston, Texas 77002
713/224-7800 (Office)
713/224-7801 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing pleading has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure on this 25th day of March 2010.

/s/ *Kenneth B. Fenelon, Jr.*
_____
**KENNETH B. FENELON, JR.**