

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT § <br> OF AET, INC., LIMITED AS OWNER, § <br> AND AET SHIPMANAGEMENT § <br> (SINGAPORE) PTE. LTD AS MANAGER, § <br> OF THE M/V EAGLE OTOME, FOR § <br> EXONERATION FROM OR § <br> LIMITATION OF LIABILITY § | CIVIL ACTION NO. 1:10-CV-51 |

### ORDER ISSUING STAY OF CASE

Pursuant to 28 U.S.C. § 636(b)(1)(A) and the Local Rules for the United States District Court, Eastern District of Texas, Appendix B, the District Court referred this matter to the undersigned United States Magistrate Judge for consideration of and recommended disposition on pretrial matters and proceedings.

This is a limitation of liability proceeding filed by petitioner, AET Inc., Limited, seeking exoneration from or limitation of liability arising out of an impact collision involving the M/V EAGLE OTOME, the M/V GULL ARROW, and the M/V DIXIE VENGEANCE on January 23, 2010, in the Sabine-Neches Canal in Port Arthur, Texas. According to the petitioner's complaint, the incident at issue involved the collision of the three vessels and the release of an undetermined amount of crude oil. Petitioner AET Inc., Ltd., anticipated the filing of claims for property damages, personal injury, and other losses arising out of the

January 23, 2010, incident.

As of this date, the Court has received thousands of claims for filing. Approximately 17,000 of these claims have been filed by parties proceeding *pro se*, without the representation of counsel. Each of the *pro se* claimant's individual claim forms must be scanned and docketed for entry into the record by the Clerk of Court because parties proceeding *pro se* are not required to file documents via e-filing under the Local Rules for the United States District Court for the Eastern District of Texas. The enormous number of claimants has caused a delay in docketing and has overwhelmed the CM/ECF docketing system maintained by the Clerk of Court. Accordingly, the current state of the record is not up to date as approximately 10,000 claims have yet to be processed and docketed. This hinders the Court and the parties from properly notifying the other case participants of filings, proceedings and orders in the case because all claimants have yet to be docketed in the record. The Court therefore cannot proceed forward with the case on the merits until the record is up to date, reflecting all interested claimants.

Accordingly, the Court finds that the entry of a stay in this proceeding is necessary at this time to allow completion of the docketing of the thousands of claims filed with the Court. It is accordingly

**ORDERED** that this cause of action is **STAYED** at this time, pending further order of the Court; it is further

**ORDERED** that all pending motions are **TERMINATED** at this time, without

prejudice. The Court will reinstate those motions as pending and for consideration when the stay is lifted.

It is finally **ORDERED** that the deadline promulgated by Rule F(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions is also **STAYED** at this time. The Court will reinstate deadlines upon lifting of the stay for purposes of proceeding forward with the case once the record is up to date.

It is so ordered.

**SIGNED this the 22nd day of April, 2010.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE