# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE § | | |
| COMPLAINT OF AET INC. LIMITED § | | |
| AS OWNER, AND AET § | | CIVIL ACTION NO. 1:10CV0051 |
| SHIPMANAGEMENT (SINGAPORE) § | | |
| PTE. LTD AS MANAGER, OF THE § | | ADMIRALTY RULE 9(h) |
| M/V EAGLE OTOME, FOR § | | |
| EXONERATION FROM OR § | | |
| LIMITATION OF LIABILITY § | | |

## MOTION TO LIFT STAY OF CASE

KIRBY INLAND MARINE, L.P., (Kirby) as owner of the M/V DIXIE VENGEANCE, Kirby 28112 and Kirby 38406 CLAIMANT files this Motion to Lift Stay of Case, and respectfully show this Honorable Court the following:

## BACKGROUND

1. On January 23, 2010, the M/V EAGLE OTOME allided with the M/V GULL ARROW and thereafter collided with a barge being pushed by the M/V DIXIE VENGEANCE while travelling the Sabine-Neches Canal in Port Arthur.[1] The collision resulted in thousands of gallons of oil being spilled.[2]

2. On January 29, 2010, AET Inc. brought this Limitation Proceeding, seeking to exonerate or limit their liability for any damages caused by the collision and resulting spill (AET action).[3] Shortly thereafter, notice was given to the community around the Sabine-Neches

---

[1] ECF Doc. No. 2585, Claim and Answer of Kirby, 1 – 2.
[2] Nat'l. Transp. Safety Bd., PB2011-916404, Collision of Tankship EAGLE OTOME with Cargo Vessel Gull Arrow and Subsequent Collision with the DIXIE VENGEANCE, Tow Sabine-Neches Canal, Port Arthur, Texas January 23, 2010, viii.
[3] ECF Doc. 1, Verified Complaint for Exoneration from or Limitation of Liability.

Waterway, to file a claim, if appropriate, at the Jack Brooks Federal Courthouse in Beaumont, Texas by April 6, 2010.[4] Thousands of claims have been filed.

3. On April 22, 2010, this Court stayed all further proceedings in order to bring the docket up to date with the huge number of claimants.[5]

4. On July 22, 2010, Kirby Inland Marine, LP, filed its Limitation Proceeding, seeking to exonerate or limit its liability for any damages caused when the M/V EAGLE OTOME collided with the M/V DIXIE VENGEANCE.[6] (Kirby action) This proceeding was brought separately from the Limitation Proceeding brought by AET Inc.

5. On December 23, 2010, a joint motion to set a scheduling conference was filed in the Kirby Limitation Proceeding. All of the parties in the Kirby action, with the exception of AET, requested that the Court set the Kirby matter for a scheduling conference which would then allow the parties to begin discovery.

6. The Court did set a conference six months later, in June 2011. The Court did not set discovery dates or the like, but instead invited briefing on the consolidation of the Kirby and AET matters. Notwithstanding the fact that the Kirby action is substantially different with regards the limitation issues to be decided, and the Kirby action does not have thousands of unrepresented claimants who have filed claims in it, the Court consolidated the matters, precluding Kirby from moving forward with discovery in its Limitation Proceeding, as well as in AET's filing.

7. On March 21, 2011, this Court issued a *Lone Pine* Order in the AET action requiring all claimants establish *prima facie* basis for their claims via expert affidavits linking the

---

[4] ECF Doc. 3, Order Approving Limitation Plaintiffs' Security.
[5] ECF Doc. No. 3228, Order Issuing Stay of Case.
[6] Kirby Inland Marine, LP, Limitation Proceeding, ECF Doc. 1 Complaint and Petition for Exoneration from or Limitation of Liability.

cause of their alleged injuries to the event in question.[7] The order gave a deadline of June 24, 2011 for the claimants to comply, and a deadline of October 28, 2011 for AET to challenge the sufficiency of any submissions.[8] Objections to this order were overruled by the Court on December 14, 2011.[9]

       8.      On July 21, 2011, AET moved to dismiss all claimants that had not complied with the *Lone Pine* Order.[10] This motion has not been heard, nor has any further action regarding it occurred.

       9.      On March 15, 2012, the Court granted AET's motion to consolidate Kirby's Limitation Proceeding with that of AET, which had been pending since June 2011.[11] This was done over Kirby's objections, as such has resulted in undue delay and prejudice to Kirby's right and positions in the Kirby Limitation Proceeding.[12] No action has been taken since the consolidation.

## RELIEF SOUGHT

      10.     The Court stayed this case less than three months after the limitation proceeding was commenced by AET, and then consolidated Kirby's Limitation Proceeding into that of AET. Under the Federal Rules of Civil Procedure, because there was no scheduling conference, no discovery was able to be conducted in either case before the stay was entered, and none has been conducted in the two and a half years since. The Court stated the reason for the stay was to get its docket under control and up to date given the huge number of claimants in this matter. In the

---

[7] ECF Doc. No. 3387, *Lone Pine* Order.
[8] Id. at 7 – 8.
[9] ECF Doc. No. 3475, Executed Order Overruling Objections to *Lone Pine* Order.
[10] ECF Doc. No. 3444, Limitation Plaintiffs' First Amended Motion to Dismiss Noncompliant Claimants.
[11] ECF Doc. No. 3481, Executed Order to Consolidate; Kirby Inland Marine, LP, Limitation Proceeding, ECF Doc. No. 43, Opposed Motion to Consolidate.
[12] Id. at 4 – 5.

Court's *Lone Pine* Order, it appeared the stay would be discussed upon the completion of the *Lone Pine* proceedings, stating the following:

> The Court further orders that proceedings in this case shall remain stayed except to: (1) object to this order, (2) comply with this order, or (3) move to dismiss any claim subject to this order. Following the conclusion of the above proceedings, the Court will address motions concerning appointment of counsel and will schedule a status conference to discuss and develop a plan for the resolution of pending motions and the formation of a discovery plan.[13]

The Court clearly indicates above that the reason for staying the case is to take care of the *Lone Pine* proceedings. However, the deadline for complying with that order passed over one year ago, on June 24, 2011. AET filed its motion to dismiss non-compliant claimants on July 21, 2011, again over one year ago.

11. While a District Court is well within its authority to stay a case, allowing it to better control its own docket, the Court must consider competing interests when doing so. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Once a Court has determined that interests weigh in favor of granting a stay, it must then structure the stay such that it is not immoderate, unreasonable, or indefinite in duration, and if that is not possible, the court should not grant the stay. *Id.* at 254, 257. There are four factors typically used to determine where the weight of interests falls in these cases, including 1) the potential prejudice to the non-moving party; 2) whether the stay will simplify matters or issues in the case; 3) how far along in the trial process the case is pre-stay; and 4) judicial resources that can be saved through the stay. *Tesco Corp. v. Weatherford Int'l Inc.*, 599 F. Supp. 2d 848, 850 (S.D. Tex. 2009); *Esquivel v. BP Co. N. Am., Inc.*, No. 10-236, 2010 U.S. Dist. LEXIS 110015 (S.D. Tex. Oct. 14, 2010).

---

[13] ECF Doc. No. 3387, *supra* note 7, at 8.

12. While the stay has been in force in the instant case, AET has effectively stepped into the shoes of the movant by repeatedly opposing the lifting of the stay in favor of staying the course and allowing the *Lone Pine* Order to remain unresolved indefinitely.[14] This, of course, is to the benefit of AET, the responsible party in this case, and it is the only party who opposes the lifting of the stay. When examined on the whole, the above cited factors clearly weigh in favor of lifting the stay. There is unlikely to be any prejudice to AET if the case moves forward, however, significant harm will come to the claimants such as Kirby should the stay continue; as time passes, witnesses will forget the intricacies and non-US citizen witnesses, of which there are many, will be increasingly difficult to locate. *See Bartex Research, LLC v. Fedex Corp.*, 611 F. Supp. 2d 647, 651 – 52 (E.D. Tex 2009). Also, there are no significant issues that can be simplified by continuing the stay, nor are there judicial resources that a continuation of the stay would conserve. Given the two (2) years since the initial stay was entered, and over one (1) year since the expiration of the *Lone Pine* Order deadline, Kirby respectfully asserts that all spurious claims should have been dealt with by now. Because of this, the parties and their claims as they stand now are likely to extend through the whole of the trial process. Finally, the reality is this case has been ongoing for nearly three (3) years and all dangers that come with such a lengthy delay have attached. All of the *Landis* factors clearly weigh in favor of immediately lifting the current Stay of Case. Simply and respectfully put, the Court's failure to lift the stay is highly prejudicial to Claimant, and at the same time is benefiting AET.

13. A two (2) year stay is immoderate and unreasonable. *See Landis,* 299 U.S. at 256 – 57; *Dependable Highway Express v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 – 67 (9th Cir.

---

[14] *See* ECF Doc. No. 3478, Limitation Plaintiff's Response to Buzbee Claimaints' Motion to Lift Stay of Case; *see* ECF Doc. No. 3492, Limitation Plaintiff's Response to Longshoremen Claimants' Request for Hearing on Their Previously Filed Motion to Take Discovery on Privity and Knowledge

2007). The current stay has also exceeded the amount of time that should be required to fulfill the conditions of the stay – to allow the clerk to bring the docket up to date with the number of claimants – as well as deal with the outcome of the *Lone Pine* Order. The Court also suggests in its Order to Consolidate that the *Lone* Pine Order should soon be dispensed with, but that was 8 months ago. Because the stay has continued past what should have been the satisfaction of these conditions, and no additional conditions have been given as to when it will be lifted, it is bordering on indefinite. *See Landis*, 299 U.S. at 257; *see In re Papst Licensing*, No. 99-md-1298, 2006 U.S. Dist. LEXIS 76523, 4 – 5 (E.D. La. Oct. 23, 2006). For all of these reasons, the Court should immediately lift the current Stay of Case in the interest of justice.

14. All four *Landis* factors, as well as the immoderate length of the current stay can be similarly applied to Kirby's Limitation Proceeding, which has been consolidated with AET's action. Because discovery cannot go forward, Kirby cannot properly prepare to meet its burden to disprove any knowledge or privity of conditions that would lead to Kirby's liability, should claimants successfully prove Kirby is at all liable. As the stay continues, Kirby is being further prejudiced as both a claimant against AET and as a limitation Plaintiff in its own proceeding. The stay is clearly causing the loss of critical evidence and attenuation of memory of the critical witnesses in this case, which can only be described as irreversible harm to Kirby.

15. Kirby respectfully requests this Honorable Court lift the stay immediately, and allow discovery. Candidly, all parties have waited an extended and unreasonable amount of time for this case to move forward and to begin discovery. It serves no purpose to continue the stay, and all stated and implied reasons for staying the case should be currently satisfied. After almost two and a half years, the balance in this case has switched from purposeful to prejudicial.

WHEREFORE, Kirby respectfully requests the Court lift or dissolve the stay of case entered by this Honorable Court on April 23, 2010.

                                                Respectfully Submitted,

                                                STEPP & SULLIVAN, P.C.

                                                /s/
                                              Jad J. Stepp
                                              State Bar No. 19169100
                                              Dennis J. Sullivan
                                              State Bar No. 19473750
                                              1010 Lamar Street, Suite 810
                                              Houston, Texas 77002
                                              Telephone: (713) 336-7200
                                              Facsimile: (713) 336-7205
                                              **ATTORNEYS FOR**
                                              **KIRBY INLAND MARINE, L.P.**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am a member of Stepp & Sullivan, P.C., and that a true and correct copy of forgoing document was served on counsel of record via ECF on the 30th day of November 2012.

                                                /s/
                                              Jad J. Stepp

## CERTIFICATE OF CONFERENCE

I, the undersigned, as counsel for Kirby Inland Marine, LP hereby verify that I have conferred with Mark Freeman, counsel for AET, in a reasonable effort to resolve this matter without the necessity of court intervention, and that such efforts have been unsuccessful, and AET opposes this Motion.

                                                /s/
                                              Dennis J. Sullivan