| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

IN THE MATTER OF THE COMPLAINT §
OF AET INC. LIMITED AS OWNER, §
AND AET SHIPMANAGEMENT §
(SINGAPORE) PTE. LTD AS MANAGER, §   CIVIL ACTION NO. 1:10-CV-51
OF THE M/V EAGLE OTOME, FOR §
EXONERATION FROM OR LIMITATION §
OF LIABILITY §

## ORDER

Pending before the court is the Limitation Plaintiffs AET Inc. Ltd.'s and AET Shipmanagement (Singapore) Pte, Ltd.'s (collectively, "AET") First Amended Motion to Dismiss Noncompliant Claimants (#3444). AET seeks dismissal of claimants who failed to submit any response to the *Lone Pine* order requiring them to present *prima facie* evidence in support of their claims. Having reviewed the motion, the submissions of the parties, the record, and the applicable law, the court finds that the motion should be granted.

I.  Background

The M/V Eagle Otome ("Eagle Otome") is an oil tanker owned by AET. The M/V Gull Arrow ("Gull Arrow") is a vessel owned by Gearbulk Shipowning, Ltd. The M/V Dixie Vengeance ("Dixie Vengeance") is a tugboat operating in the Sabine-Neches Waterway at Port Arthur, Texas. At approximately 9:36 a.m. on January 23, 2010, a collision occurred between the Eagle Otome, the Gull Arrow, and barges pushed by the Dixie Vengeance. The force of the collision pierced the Eagle Otome's hull, causing approximately 460,000 gallons of crude oil to spill into the Sabine-Neches Waterway.

AET filed the instant action under 46 U.S.C. § 30505, seeking to exonerate or limit its liability for any damages caused by the collision and resulting oil spill. In accordance with the

procedural rules governing such actions (*see* Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure), the court approved a notice directing any persons or entities claiming an injury related to the incident in question to file a claim at the Jack Brooks Federal Courthouse in Beaumont, Texas. This notice was distributed to roughly 5,000 residents of the community surrounding the Sabine-Neches Waterway.

After receiving the notice, many of the local residents mistakenly thought that they would be entitled to compensation by merely filing a claim. Many residents also incorrectly believed that various law firms identified on documents included with the notice had been appointed to represent their interests in the lawsuit. As a result of this confusion, an inordinately large number of claims were filed—approximately 3,009 by claimants represented by attorneys and approximately 18,075 by claimants not represented by counsel.

On March 22, 2011, after considering the unusual and complex nature of the case and the unprecedented number of claimants involved, United States Magistrate Judge Keith F. Giblin issued a special case management order, commonly known as a *Lone Pine* order (the "*Lone Pine* Order"), which this court later adopted and affirmed.[1] The *Lone Pine* Order required all claimants alleging personal injuries and/or property damage to submit an expert affidavit linking the cause of their alleged injuries to the event in question before proceeding further in the litigation. The

---

[1] The United States Court of Appeals for the Fifth Circuit approved *Lone Pine* orders for the purposes of "handl[ing] the complex issues and potential burdens on defendants and the court in mass tort litigation." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir.), *cert. denied*, 530 U.S. 1229 (2000). Imposition of a *Lone Pine* order will simplify the case, streamline costs to both the claimants and the shipowner, and conserve judicial resources by aiding the court in preparing a plan for trial of the case. *See id*. *Lone Pine* orders derive from *Lore v. Lone Pine Corp.*, No. L-33606-85, 1986 WL 637507 (N.J. Super. Ct. Law Div. Nov. 18, 1986), the case in which they originated.

court noted that failure to comply with the *Lone Pine* Order by June 24, 2011, may result in the dismissal of the claim. The order also gave a deadline of October 28, 2011, for AET to challenge the sufficiency of any submissions.

On August 31, 2011, AET filed the instant motion seeking dismissal of all claimants who failed timely to provide *any* documentation in compliance with the *Lone Pine* Order. AET argues that these noncompliant claimants should be dismissed because: (1) a lesser sanction would not be effective; (2) AET will be prejudiced by having to identify the specifics of each individual unsupported claim; and (3) dismissal will conserve judicial resources and streamline costs for both parties.

In response, the claimants represented by Reginald McKamie ("McKamie Claimants") and those represented by Robert McAllister ("McAllister Claimants") maintain that they complied with the *Lone Pine* Order by mailing the requisite information to AET's counsel. The claimants represented by Brian Beckcom ("Beckcom Claimants") and those represented by Ryan Gertz ("Gertz Claimants") contend that AET's motion is not ripe because the court has not yet ruled on the validity of the *Lone Pine* Order. The claimants represented by William Stout ("Stout Claimants") assert that claims arising under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C.A. § 2702 *et seq.*, are not properly before court because, according to the Stout Claimants, OPA preempts the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, (formerly 46 U.S.C. App. § 181 *et seq.*) and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims.

II.  Analysis

*Lone Pine* orders are "pre-discovery orders designed to handle the complex issues and potential burdens on defendants and the court in mass tort litigation by requiring plaintiffs to produce some evidence to support a credible claim." *Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 604 n.2 (5th Cir. 2006); *accord Madison v. Chalmette Refining, L.L.C.*, 637 F.3d 551, 556 n.3 (5th Cir. 2011); *Acuna*, 200 F.3d at 340. "The basic purpose of a *Lone Pine* order is to identify and cull potentially meritless claims and streamline litigation in complex cases involving numerous claimants." *Baker v. Chevron USA, Inc.*, No. 1:05-CV-227, 2007 U.S. Dist. LEXIS 6601, 2007 WL 315346, at *1 (S.D. Ohio Jan. 30, 2007); *accord In re Vioxx Prods. Liab. Litig.*, 557 F. Supp. 2d 741, 743 (E.D. La. 2008). *Lone Pine* orders typically require claimants to submit expert affidavits specifying the injury or illness suffered, the cause of such injury, and the scientific and/or medical basis for the expert's opinion. *See Steering Comm.*, 461 F.3d at 604 n.2; *Acuna*, 200 F.3d at 338; *McManaway v. KBR, Inc.*, 265 F.R.D. 384, 385 (S.D. Ind. 2009); *In re Vioxx Prods. Liab. Litig.*, 557 F. Supp. 2d at 743. *Lone Pine* orders are issued under the wide discretion afforded federal judges under Rule 16. *See Acuna*, 200 F.3d at 340; *In re Vioxx Prods. Liab. Litig.*, 557 F. Supp. 2d at 743-44.

A district court may dismiss an action or proceeding if a party fails to obey a pretrial order. *See* FED. R. CIV. P. 16(f); *see also Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006); *Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 627 (5th Cir. 1997). Rule 16(f) permits the court to effect the orderly and expeditious disposition of cases that have remained dormant because of inaction or dilatoriness of parties seeking relief. *See Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1518 (5th Cir. 1985); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626,

629 (1962) (finding dismissal "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.") The standard for dismissal under Rule 16(f) is the same standard used when evaluating dismissal for failure to prosecute under Rule 41(b). *See Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986); *Callip*, 757 F.2d at 1519. In the Fifth Circuit, a district court may dismiss with prejudice for failure to prosecute only when: (1) the plaintiff's conduct establishes a clear record of delay or contumacious conduct, and (2) a lesser sanction would not better serve the best interests of justice. *See McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988); *see also Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008).

The facts before the court demonstrate a clear record of delay by the noncompliant claimants. First, this proceeding has been stayed for almost two years in part to provide all claimants with an opportunity to comply with or object to the *Lone Pine* Order, yet thousands have disobeyed the order by either ignoring it or failing to respond. This long period of inactivity amounts to a delay in the proceedings. *See, e.g., Orduna v. Tex. Comm'n on Alcohol & Drug Abuse*, 220 F. App'x 249, 250 (5th Cir. 2007) (noting that filing a claim and failing to take subsequent action establishes a clear record of delay); *Price*, 792 F.2d at 474 (finding a ten-month period of inactivity while a stay was in effect sufficient to support dismissal); *Porter v. Beaumont Enter. & Journal*, 743 F.2d 269, 271 (5th Cir. 1984) (upholding dismissal in part due to plaintiff's eight-month period of inactivity). Additionally, the court cannot communicate with many of these claimants about their case because they failed to provide the Clerk's office with adequate contact information and address changes, as evidenced by the large volume of returned mail received by the Clerk's office after mailing copies of the *Lone Pine* Order to the *pro se* claimants. A party's

failure to update contact information is a direct violation of Local Rule CV-11(e). *See* E.D. TEX. R. CV-11(e) (noting that the plaintiff is responsible for keeping up with the filings and maintaining updated contact information). It may, therefore, be inferred from their inactivity and failure to obey both the local rules and court order that these claimants have no intention of prosecuting their cases. *See Ramsay v. Bailey*, 531 F.2d 706, 709 (5th Cir.), *cert. denied*, 429 U.S. 1107 (1977) (finding a failure to comply with an order combined with a long pattern of inactivity sufficient to establish a clear record of delay). Accordingly, the court concludes that the claimants' lack of prosecution satisfies the first element of the dismissal standard.

As for the second element, dismissal with prejudice is appropriate if the court determines that less severe sanctions are insufficient to ensure prompt, diligent prosecution or the record reveals that the district court employed lesser sanctions prior to dismissal that in fact proved to be futile. *See Callip*, 757 F.2d at 1521. Since the court issued the *Lone Pine* Order, each claimant has had fair and ample opportunity to gather at least some information and evidence regarding his or her injury, or, in the alternative, file an objection or a motion for extension of time. To date, however, the noncompliant claimants have failed to take any action to preserve their claims despite having been clearly advised that they would not be entitled to compensation by merely filing a claim. In light of these facts, the court has no choice but to conclude that the noncompliant claimants have abandoned their claims. *See Acuna v. Brown & Root, Inc.*, No. SA-96-CA-543-OG, 1998 WL 35283824, at * 8 (W.D. Tex. Sept. 30, 1998) (concluding that plaintiffs' failure to comply with a *Lone Pine* order indicates that they are either incapable or unwilling to provide the requisite information), *aff'd*, 200 F.3d 335 (5th Cir.), *cert. denied*, 530 U.S. 1229 (2000). Accordingly, imposing less severe sanctions, such as the assessment of fines, costs, or damages,

on the noncompliant claimants would not ensure the prompt, diligent prosecution of their claims. *See Callip*, 757 F.2d at 1521. The court concludes dismissal with prejudice is the appropriate sanction.

With regard to the arguments that (1) AET will be prejudiced by allowing the noncompliant claimants to proceed and (2) dismissal will conserve judicial economy, the Fifth Circuit generally affirms dismissals with prejudice when the case involves the presence of one or more aggravating factors. *See Price*, 792 F.2d at 475; *Callip*, 757 F.2d at 1519. The three aggravating factors are: "(1) delay attributable directly to the plaintiff, rather than his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct." *Callip*, 757 F.2d at 1519 (internal citations omitted). In this case, approximately 18,000 individuals filed unsupported claims under the mistaken belief that they would be entitled to compensation merely by filing a claim. Most of these claimants have not made any attempt to comply with the *Lone Pine* Order and are presumed incapable of providing the requisite information due to the long period of inactivity. It is, therefore, reasonable to infer that AET will be prejudiced by the time and expense associated with identifying the specifics of each individual claim. *In re Vioxx Prods. Liab. Litig.*, 557 F. Supp. 2d at 745 (recognizing the cost and difficulty associated with complex mass tort litigation). Additionally, allowing thousands of noncompliant claimants to proceed despite their failure to make any attempt at compliance would defeat the purpose of issuing the *Lone Pine* Order. *Cf. Acuna*, 200 F.3d at 340 ("*Lone Pine* orders are designed to handle the complex issues and potential burdens on defendants and the court in mass tort litigation"). In light of these considerations, the court concludes that the prejudice to AET in allowing thousands of unsupported claims to proceed outweighs any interest in having these claims tried on the merits.

*See Link*, 370 U.S. at 630-31 (recognizing a district court's inherent power to manage its affairs so as "to achieve the orderly and expeditious disposition of cases"). Accordingly, dismisal with prejudice is the appropriate remedy.

The various arguments asserted in response to the *Lone Pine* Order may be summarily dismissed because (1) they raise issues that are not before the court at this time or (2) they are now moot due to procedural developments. First, the instant motion seeks only to dismiss those claimants who did not submit any response to the *Lone Pine* Order. It is, therefore, unnecessary at this time to address those claimants who complied with the *Lone Pine* Order by mailing the requisite information, or, in the alternative, filed motions for extensions of time or objections. Similarly, because the instant motion does not reach questions of substantive law, the court reserves the issue of whether the OPA preempts the Limitation of Liability Act and Rule F of the Federal Rules of Civil Procedure. Furthermore, with regard to the objection that AET's motion is not ripe because the court has not yet ruled on the validity of the *Lone Pine* Order, the district court has since affirmed the *Lone Pine* Order and the procedure it promulgated. Accordingly, this objection is overruled as moot.

As for the supplemental list of claimants filed by AET (#3451), the court finds that some of the claimants argued to be noncompliant by AET should not be dismissed at this time. Following an extensive reconciliation of the claimants listed in AET's amended database of claimants and the records maintained by the Clerk's office, the court concludes that some claimants listed in the amended schedule as noncompliant are not wholly dilatory because they timely filed motions for extensions of time, objections, or otherwise attempted to comply. The court will address these claimants by separate order.

III.    Conclusion

Based on the foregoing analysis, the noncompliant claimants present a clear record of delay based on their long period of inactivity and violations of both the local rules and the *Line Pine* Order. Furthermore, because the court concludes that a lesser sanction would not better serve the interests of justice, dismissal with prejudice is an appropriate sanction. Accordingly, AET's Motion to Dismiss Noncompliant Claimants (#3444) is GRANTED in part.

The court ORDERS that 17,294 claimants are DISMISSED and TERMINATED as parties to this case, with prejudice to refile. Those claimants are specifically listed by name at www.txed.uscourts.gov., where the Clerk has provided a search tool as well as a full list of the noncompliant claimants dismissed by this order. In the interest of judicial efficiency, the court directs the parties to refer to that database for specific information on the dismissed claimants.

SIGNED at Beaumont, Texas, this 4th day of February, 2013.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE