IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF AET INC. LIMITED AS OWNER, AND AET SHIPMANAGEMENT (SINGAPORE) PTE. LTD AS MANAGER, OF THE M/V EAGLE OTOME, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § CIVIL ACTION NO. 1:10-cv-0051<br><br>ADMIRALTY RULE 9(h) |

### LIMITATION PLAINTIFFS' RESPONSE TO MOTION FOR STATUS CONFERENCE AND TO TAKE DISCOVERY ON PRIVITY AND KNOWLEDGE

The Limitation Plaintiffs AET Inc. Limited and AET Shipmanagement (Singapore) Pte, Ltd. (hereinafter referred to collectively as "AET") file this Response to the Motion for Status Conference and to Lift Stay to Take Discovery on Petitioner's Privity and Knowledge [Dkt. 3519] filed by the Longshoremen Claimants and respectfully state as follows:

### INTRODUCTION

1. This is the second time the Longshoremen Claimants have sought leave to commence discovery to develop proof of AET's privity and knowledge of vessel conditions that allegedly caused their injuries and damages.[1] In summary, they suggest that by taking privity and knowledge discovery before proving their injuries and causation, they can "short-cut" the limitation procedure.

---

[1] The arguments they raise here are the same ones they previously raised in Documents 3480, 3484 and 3486.

-1-

2. Their request ignores the clearly articulated order of proof set forth in both the case law construing the Limitation Act and this Court's Local Admiralty Rules. The request also improperly assumes that a vessel condition caused their injuries and damages, and it is inconsistent with the purposes of the *Lone Pine* Order and Order of Stay.

3. In a limitation action, the claimants must prove causation and damages before the vessel owner has the burden to disprove privity and knowledge. *See In re Port Arthur Towing Co.,* 42 F.3d 312, 317 (5th Cir. 1995). Privity and knowledge must be based on proof of liability, that is, an injury caused by the vessel owner's negligence. Therefore any discovery of privity and knowledge will necessarily involve discovery of the entire case. Until the *Lone Pine* Order procedure runs its course, and the claimants who have not complied with the requirements of the *Lone Pine* Order are dismissed, the stay should not be lifted for the purpose of taking discovery, or for any other purpose.

## ARGUMENTS AND AUTHORITIES

**A. The limitation proceeding requires proof of liability before the court reaches the issue of privity and knowledge.**

4. This Court has already set out the procedure that must be followed in this case. *See* Memorandum Order Overruling Objections to *Lone Pine* Order, p. 9. [Dkt. 3475.] A limitation proceeding is "a two-step process" where, in the first phase, the claimant bears the burden of establishing the liability of the shipowners to the claimant, proving both injury and causation for the injury. *Id. See, e.g., In re Port Arthur Towing Co.*, 42 F.3d 312, 317 (5th Cir. 1995) *cert. denied.* The burden

then shifts to the vessel owner to prove it had no privity or knowledge of the negligence. *Id.* at n. 22, citing *Cupit v. McClanahan Contractors, Inc.*, 1 F.3d 346, 348 (5th Cir. 1993). If that proof is made, the admiralty court limits liability. If the shipowner's liability is limited, the court must then evaluate the merits of each claim and distribute the limited funds among all the claimants. *In re Complaint and Petition of Triton Asset Leasing*, 719 F. Supp. 2d 753, 755 (S.D. Tex. 2010) (explaining procedure in limitation of liability proceeding arising from Deepwater Horizon explosion). Such a procedure is well accepted and sanctioned by the Fifth Circuit. *See e.g. In re Port Arthur Towing Co.*, 42 F.3d at, 317.

5. All of the Claimants are bound by these procedures; the Longshoremen Claimants have shown no basis on which they are entitled to special treatment or a discovery schedule different from that applicable to all Claimants. It is the very nature of the concursus in a limitation proceeding that all claims are decided in a single proceeding. *See, e.g., Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 550, 1960 AM6 1287 (5th Cir. 1960).

6. This Court's Local Admiralty Rules are consistent with the "two-step" procedure by requiring that in all cases the claimant must first set out its proof:

> LAR (f) (2) *Order of Proof at Trial.* In an action where vessel interests seek to limit their liability, the damage claimants shall offer their proof first, whether the right to limit arises as a claim or as a defense.

7. Only after a claimant has established that the vessel owner's negligence caused his injury does the burden shift to the vessel owner to prove that it lacked privity or knowledge of the condition that caused the injury. *See Brister*,

946 F.2d at 355. As the Fifth Circuit explained in *In re Port Arthur Towing:* **"The whole doctrine of limitation of liability presupposes that a liability exists which is to be limited. If no liability exists, there is nothing to limit."** 42 F.3d at 317 (holding that the claimant "was required initially to prove facts supporting his claim that [the shipowner] *was liable to him for his alleged injury*") (emphasis added); *see also Cupit*, 1 F.3d at 348 ("Once an injured seaman has established that his employer's negligence *caused his injuries*, a vessel owner seeking limitation of liability must prove that it lacked privity or knowledge of the negligence.") (emphasis added), *cert. denied*, 510 U.S. 1113 (1994); *Brister*, 946 F.2d at 354 ("In a limitation proceeding, once an injured seaman establishes that negligence or unseaworthiness *caused his injuries,* the burden shifts to the vessel owner.") (emphasis added); *see also In re Lloyd's Leasing Ltd.*, 764 F. Supp. 1114, 1141 (S.D. Tex. 1990) ("Liability is the threshold issue to be resolved in a limitation of liability action because the exploration as to limitation is materially relevant only if liability is established.").

8.   Even if the Longshoremen Claimants established acts of negligence or conditions of unseaworthiness, they still must prove that those acts or conditions caused their alleged injuries. Causation cannot simply be presumed, particularly given the complex medical histories of many of these Longshoremen Claimants. The Longshoremen Claimants cannot avoid the first phase of the limitation proceeding and go straight to a determination of privity or knowledge.

9. Further, before the Court can determine privity or knowledge, it must know the particular act of negligence or condition of unseaworthiness that the claimant proved caused his or her injuries in the first stage. Only those **specific** actions that a claimant proved in the liability phase can "afford the basis for inquiry as to privity and knowledge." *Avera v. Florida Towing Corp.,* 322 F.2d 155, 159-60 (5th Cir. 1963). Therefore until there are facts to prove liability, i.e. negligence or unseaworthiness and causation, there can be nothing on which to base discovery of facts with respect to privity and knowledge.

10. In sum, there can be no discovery related to privity and knowledge without discovery as to the entire case. Therefore the Longshoremen Claimants' argument that they can short-circuit the proof required to determine whether AET is entitled to limitation of liability is contrary to the law in this circuit and others.[2]

**B. The *Oregon* rule does not affect the order of proof or the Claimants' burden to prove causation and damages.**

11. The Longshoreman Claimants argue that AET "is presumed at fault" under *The Oregon*, 158 U.S. 186 (1895). Even assuming it applies to personal injury cases[3], the presumption found in *The Oregon* is a rebuttable presumption of fault

---

[2] It should be noted that the Longshoremen Claimants cite no authority for their proposal to change the order of proof. In fact, the only situations in which some courts have found that privity alone could be a basis on which to dispose of a limitation action as a matter of law are the so called "Owner at the Helm" cases involving pleasure vessels. *See, e.g., Fecht v. Makowski,* 406 F.2d 721 (5th Cir. 1969) (holding when an owner is in control of and operating his pleasure craft he has privity or knowledge with respect to the operation; therefore he is not entitled to limitation for accidents arising from his negligence); *but see In re Muer,* 146 F.3d 410, 415-416 (6th Cir. 1998) (discussing and distinguishing *Fecht* and similar cases). The Fifth Circuit has never extended the *Fecht* holding to commercial contexts. *See, e.g., In re South Coast Boat Rentals,* No. Civ. A. 98-3452, 1999 WL 615180 (E.D. La. 1999) (holding *Fecht* is not controlling in commercial contexts). The "Owner at the Helm" reasoning has no place in the instant case.

[3] Some courts have noted that presumptions of fault do not generally extend to personal injury cases. *See e.g. MacDonald v. Kahikolu, Ltd.,* 581 F.3d 970, 975 (9th Cir. 2009)("In this case, we need

that simply shifts the burden of production and persuasion on that single issue. *Combo Maritime, Inc. v. U.S. United Bulk Terminal, LLC*, 615 F.3d 599, 604 (5th Cir. 2010).[4] The Longshoremen Claimants still bear the burden of proof as to causation and damages for their injuries. *Id.* at 605; *see also, Zerega Ave. Realty Co. v. Hornbeck Offshore Transp.*, LLC, 571 F.3d 206, 208 (2nd Cir. 2009) ("We conclude that the *Oregon* rule's presumption of fault does not shift from a plaintiff the burden of proving causation"). The *Oregon* rule creates a presumption of negligent operation; it does not create an additional presumption that the allision caused whatever damages are alleged. *Id.* at 212. Nor does it change the order of proof in a limitation action.

C. **The requested discovery is contrary to this Court's *Lone Pine* Order and Order of Stay.**

12. Moreover, the Longshoreman Claimants' request is contrary to this Court's *Lone Pine* Order and Order of Stay. Although by its February 4, 2013 Order [Dkt. 3514], the Court has dismissed most of the *pro se* Claimants, there still remain approximately 4262 claimants, including as many as 1479 *pro se* claimants, subject to AET's pending motions to dismiss. Allowing discovery involving thousands of claimants, including a substantial number who are

---

not decide how far the *Pennsylvania* Rule reaches beyond its traditional domain of ship collisions and navigational accidents, because even if the Rule applies to Jones Act claims, it would not apply here. All courts have consistently required that there be a threshold causal connection between the violation and the injury before the Rule will apply"); *Maxwell v. Hapag-Lloyd Akt., Hamburg*, 862 F.2d 767, 769 (9th Cir. 1988) (holding accidental fall on a moving vessel does not justify a presumption of fault due to the wash of a moving vessel); *Southard v. Lester*, 260 Fed. Appx. 611, 2008 A.M.C. 1467 (4th Cir. 2008)(holding the presumption of fault did not apply to an injured passenger's negligence claim against a charter fishing boat for injuries sustained when the boat was hit by a wave).

[4] AET has fully addressed this argument in the Sur-reply to the Longshoremen Claimants previous Motion to Take Discovery on Privity and Knowledge [Dkt. 3487].

unrepresented, before they have established that they have viable claims upon which they can proceed, would destroy the purposes of the *Lone Pine* Order.

**D.     The Longshoremen Claimants' concerns regarding evidence are unfounded.**

13.     With respect to the Longshoremen Claimants' argument that "evidence in this case is growing stale," all parties, including AET, are equally affected by the passage of time with respect to witnesses' memories and locations. However, with respect to the implication that evidence may be lost, the United States Coast Guard and the National Transportation Safety Board commenced an investigation immediately after the incident. The investigation process included the collection of numerous documents and interviews of the witnesses involved. Numerous witnesses, including many of AET's vessel personnel, were interviewed more than once and subjected to examination at a public hearing. The documents collected and transcripts of the interviews are available for all parties to access on the National Transportation Safety Board's website. *See*, http://dms.ntsb.gov/pubdms/.

**E.     AET has settled the claims of half of the Longshoremen Claimants and continues to negotiate the remaining claims.**

14.     As the Longshoremen Claimants point out, their claims were mediated on February 9th and 10th, 2012 and one claim was re-mediated in January 2013. Prior to the mediations, five of the original sixteen longshoremen's claims were settled. Three more were settled as a result of the mediations. Therefore eight of the original sixteen longshoremen's claims have been resolved by settlement. The remaining longshoremen and AET continue to negotiate in a good faith effort to reach settlement. Any risk associated with the issues of privity and knowledge has,

presumably, been factored into the evaluation of these cases. Either both sides already have sufficient knowledge of privity and knowledge facts, or the issue really does not matter in terms of settlement. Lifting the stay to allow a burdensome and expensive discovery process to begin would hinder, rather than further, the parties' ongoing settlement negotiations.

## **CONCLUSION AND PRAYER**

15. In sum, the Longshoremen Claimants' request for discovery on privity and knowledge should be denied. Their request is contrary to the due order of proof in a limitation proceeding, as well as to this Court's prior orders. The *Lone Pine* Order requires that the case as a whole remain stayed during the proceedings set out in that Order. The Court has provided that following the conclusion of those proceedings, it will schedule a status conference to discuss and develop a plan for the resolution of pending motions and the formation of a discovery plan.

WHEREFORE, PREMISES CONSIDERED, AET respectfully requests that the Court deny the Longshoremen Claimants' Motion to Take Discovery on Privity and Knowledge, and grant such other and further relief, both general and special, at law and in equity, which the Court may deem just and proper under the circumstances.

        Respectfully submitted,

        STEVENS BALDO FREEMAN & LIGHTY, L.L.P.


        By: s/ *Kathleen Hopkins Alsina* by permission of
            Mark Freeman
            Texas Bar No. 07426600
            550 Fannin Street, Suite 700
            Beaumont, Texas 77701
            Telephone:   409.835.5200
            Facsimile:    409.835.5201
            freeman@sbf-law.com

        **ATTORNEYS FOR LIMITATION PLAINTIFFS,**
        **AET INC. LIMITED AND AET SHIPMANAGEMENT**
        **(SINGAPORE) PTE. LTD**

**OF COUNSEL:**

David E. James
STEVENS BALDO FREEMAN & LIGHTY, L.L.P.
Texas Bar No. 24032467
djames@sbf-law.com

James Patrick Cooney
Texas Bar No. 04770000
Jay T. Huffman
Texas Bar No. 24059980
ROYSTON RAZOR VICKERY & WILLIAMS
711 Louisiana Street, Suite 500
Houston, Texas 77002
713.224.8380
patrick.cooney@roystonlaw.com

-9-

Kathleen Hopkins Alsina
Texas Bar No. 09977050
Marc G. Matthews
Texas Bar No. 24055921
PHELPS DUNBAR LLP
700 Louisiana St., Suite 2600
Houston, Texas  77002-2700
Telephone:  713.626.1386
Facsimile:  713.626.1388
alsinak@phelps.com

Thomas R. Nork
Texas Bar No. 1507850
tnork@leggefarrow.com
Legge, Farrow, Kimmitt, McGrath & Brown, L.L.P.
6363 Woodway, Suite 400
Houston, Texas 77057
Telephone 713.917.0888
Facsimile 713.953.9470

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Limitation Plaintiffs' Response to Longshoremen Claimants' Motion for Status Conference and to Lift Stay to Take Discovery on Privity and Knowledge was served on all counsel of record by CM/ECF on March 15, 2013.  Parties who are not on the CM/ECF system have not been served.

                                               s/   *Kathleen Hopkins Alsina*
                                               Kathleen Hopkins Alsina

PD.8416003.2