| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

IN THE MATTER OF THE COMPLAINT §
OF AET INC. LIMITED AS OWNER, §
AND AET SHIPMANAGEMENT §
(SINGAPORE) PTE. LTD. AS MANAGER, §   CIVIL ACTION NO. 1:10-CV-51
OF THE M/V EAGLE OTOME, FOR §
EXONERATION FROM OR LIMITATION §
OF LIABILITY §

## ORDER

Pending before the Court is the Unopposed Joint Motion of Claimant, Jesus Montano, and Limitation Plaintiffs, AET Inc. Limited and AET Shipmanagement (Singapore) PTE. LTD., for Approval of Proposed Settlement, for Entry of Final Judgment and Notice of Claim for *Pro Rata* Reduction of Limitation Fund and for Right of Subrogation (#3543).

The limitation plaintiffs AET Inc. Limited and AET Shipmanagement (Singapore) Pte. Ltd. ("AET") and claimant Jesus Montano ("Montano") have reached a settlement agreement in this matter and jointly request that the Court approve the settlement. They also represent that the motion is unopposed.

The motion for approval of proposed settlement as to Jesus Montano (#3543) is GRANTED. The Court finds that:

1. The settlement has been negotiated at arm's length between competent, able counsel, and no collusion existed in connection with the settlement;

2. The issues of liability, remedies, and damages between Montano and AET are issues as to which there are substantial grounds for difference of opinion, and the proposed settlement of the claims of Montano and intervenor/claimants Homeport Insurance Company and Stevedoring Services of America Marine Gulf

        ("Intervenors") constitutes a resolution of those issues that is fair, reasonable, and adequate; and

3.     The proposed settlement is in the best interest of Montano.

The Court further ORDERS that the settlement between AET, Montano, and Intervenors is approved. This order is without prejudice to any subrogation rights AET may have resulting from the settlement. This order is also without prejudice to any right AET may have to a *pro rata* reduction of the limitation fund, up to the total amount paid under the settlement agreement, at such time, if any, as the Court divides the limitation fund among the several claimants pursuant to Supplemental Admiralty Rule F(8).

The Court finally ORDERS that Montano's claims in this matter are dismissed with prejudice and with each party to bear its own costs. The Clerk is directed to terminate Montano from the docket as an active claimant. The Court retains jurisdiction to enforce the settlement.

SIGNED at Beaumont, Texas, this 26th day of August, 2013.

 

*[signature]*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE