UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| COMPLAINT OF AET INC. LIMITED | § | |
| AS OWNER, AND AET | § | CIVIL ACTION NO. 1:10-cv-51 |
| SHIPMANAGEMENT (SINGAPORE) | § | |
| PTE. LTD AS MANAGER, OF THE M/V | § | |
| EAGLE OTOME, FOR EXONERATION | § | |
| FROM OR LIMITATION OF LIABILITY | § | |

## LIMITATION PLAINTIFFS' AMENDED COUNTER-MOTION TO KIRBY INLAND MARINE, L.P's "EMERGENCY" MOTION TO COMPEL

COME NOW, Limitation Plaintiffs, AET Inc. Limited and AET Shipmanagement (Singapore) PTE. LTD ("AET") and file this Amended Counter-Motion to Kirby Inland Marine, L.P.'s ("Kirby") Emergency Motion to Compel and respectfully state as follows:

## I.
## INTRODUCTION

On April 26, 2018, Kirby filed its Emergency Motion to Compel.  Kirby accused AET of refusing to produce documents, particularly the personnel files of certain crew who were on board the EAGLE OTOME at the time of the January 23, 2010 collision with the DIXIE VENGEANCE, and the Voice Data Recorder (VDR) from the bridge of the EAGLE OTOME.  AET has produced incomplete personnel files of crew and is in the process of locating the rest of their files which it will then produce.  AET produced the VDR data, which it had to obtain from the U.S. Coast Guard in Port Arthur, Texas – it not being in AET's possession.  Unfortunately, the VDR requires an "Activation Code" which AET is attempting to get from a third party marine electronics expert based in Houston (Telemar USA).  On April 27, 2018, AET filed a Response to Kirby's motion which largely explained the foregoing.

## II.
## ISSUE

Following the filing of Kirby's Motion to Compel and AET's Response, AET reviewed Kirby's answers to AET's Interrogatories and Requests for Admission.  Kirby has failed to provide answers to two relevant and important question areas addressed in both instruments: (1) the facts regarding Kirby's agreement to a Consent Decree in 2014 with the U.S. Department of Justice related to Kirby's history of collisions and oil spills, and (2) the facts regarding Kirby's relief captain's (Lex Wimberley) training, termination and actions leading up to the collision.  Kirby foisted several objections on AET to excuse its failure to answer legitimate questions which can be distilled to this: Kirby simply views the facts underlying the Consent Decree and Wimberley as irrelevant.  This is a classic case of the pot calling the kettle black.

## III.
## ARGUMENT

*Interrogatories*

No. 2: Kirby indentified 69 persons with knowledge of facts but not one Kirby employee, but for the crew of the DIXIE VENGEANCE.  Surely there are shore-based employees with knowledge of facts and the failure to identify them is evasive.  A party must disclose the name and, if known, the address and telephone number of each witness who might have discoverable information that the party may use in the litigation process.  FRCP 26(a)(1)(i).

Nos. 6, 10: Kirby refused to divulge facts regarding prior and subsequent collisions and spills generally and with regard to Wimberley, specifically.  Kirby cited to FRE 407 to justify its refusal to answer Interrogatories Nos. 6 and 10 on the basis that the information

sought is not admissible and is therefore not discoverable.  It cites no case authority.  The instant case arose from a collision and oil spill.  Information regarding Kirby's history of collisions and spills is relevant and, depending on the facts, admissible.  FRCP 26(b)(1), 34(a)(1).

Nos. 11, 12: Kirby refused to divulge facts regarding Complaint 3:16-cv-00269, *United States v. Kirby Inland Marine, LP* and the related Consent Decree both of which are based on "…a history of collisions and spills…" on the basis that such information is inadmissible.  It cites to *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 890-91 (2d Cir. 1976) as authority.  First, *Lipsky* is not binding authority.  However, if it was it supports AET's position.  *Lipsky* held that the plaintiff's Complaint cannot plead that defendant was subject to an unrelated SEC consent judgment.  However, the case also stated that the SEC's underlying opinions may be relevant and admissible.  AET has not pled that the Kirby Consent Decree is a basis for its liability.  But, it has a legal right to discover the underlying bases for the Consent Decree.

*Requests for Admission*

Nos. 1-5, 7-15: Kirby refused to admit or deny these RFA's on the basis that they address topics that are not admissible and, therefore, the RFA's are not relevant.  Kirby again cited to *Lipsky*.  These RFA's address the Consent Decree and ask straightforward questions such as: "Admit that the United States filed a Complaint against Kirby in Civil Action No. 3:16-cv-269."  The very purpose of Rule 36 requests for admissions is to "expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Vantage Trailers, Inc. v. Beall Corp.*, 2008 WL 4093691 (S.D. Tex. 2008).  Until AET discovers the basis for the Consent Decree, it cannot know whether the facts underlying it

render it relevant to the instant case.  This illustrates the distinction between the scope of discovery versus the scope of admissibility of facts.

Nos. 16-24, 30-33: These RFA's ask Kirby to admit or deny that Wimberley could have taken action to avoid the collision.  Kirby's refusal to admit or deny is based on nit-picky word parsing and *Henry v. Champlain Enterprises, Inc*., 212 F.R.D. 73 (N.D.N.Y. 2003).  *Henry* is not binding authority.  *Henry* tackled the issue whether Rule 36 requires a party to admit or deny various interpretations of portions of a complicated document.  The court ruled that some RFA's should be answered and others not, depending on the complexity of the portion.  *Henry* does not apply to these RFA's which are straight forward.

Nos. 42, 44-47: These RFA's ask Kirby to admit or deny that Wimberley was involved in specific collisions and allisions before and after the collision at issue.  Kirby's bases for refusing to answer are meritless.

Nos. 48-56: These RFA's ask Kirby to admit or deny that Wimberley lacked experience and training, failed to appreciate the risk of collision and failed to take appropriate action.  Again, Kirby's bases for refusing to answer are meritless.

## IV
## PRAYER

WHEREFORE PREMISES CONSIDERED, Limitation Plaintiffs respectfully ask this Court to Order Kirby Inland Marine, L.P. to answer the Interrogatories set forth above, and deem admitted the Requests for Admission set forth above, and to grant all further relief justified.

Respectfully Submitted,

**HOLMAN FENWICK WILLAN USA LLP**

*/s/ Thomas R. Nork*
Thomas R Nork
Texas Bar No. 1507850
tom.nork@hfw.com
Holman Fenwick Willan USA LLP "HFW"
5151 San Felipe, Suite 400
Houston, Texas  77056
713-917-0888

**ATTORNEYS FOR LIMITATION PLAINTIFFS, AET INC. LIMITED AND AET SHIPMANAGEMENT (SINGAPORE) PTE. LTD**

**Of Counsel:**

Holman Fenwick Willan USA LLP
Marc E. Kutner
Texas Bar No. 11770575
Federal ID No. 6238
Marc.Kutner@hfw.com

## CERTIFICATE OF CONFERENCE

Counsel for AET Inc. Limited and AET Shipmanagement (Singapore) Pte. Ltd has conferred with counsel for Kirby Inland Marine who indicates that his clients are opposed to this Emergency Motion to Compel.

*/s/ Thomas R. Nork*
Thomas R. Nork

## CERTIFICATE OF SERVICE

A copy of the foregoing has been served on all counsel of record via the Court's CM/ECF system on May 1, 2018.

*/s/ Thomas R. Nork*
Thomas R. Nork

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| COMPLAINT OF AET INC. | § | |
| AS OWNER, AND AET | § | CIVIL ACTION NO. 1:10-cv-51 |
| SHIPMANAGEMENT (SINGAPORE) | § | |
| PTE. LTD AS MANAGER, OF THE | § | |
| M/V EAGLE OTOME, FOR | § | |
| EXONERATION FROM OR | § | |

**DEFENDANT KIRBY INLAND MARINE, LP'S RESPONSE TO LIMITATION PLAINTIFFS, AET INC. LIMITED AND AET SHIPMANAGEMENT  (SINGAPORE) PTE. LTD FIRST SET OF INTERROGATORIES**

To:     AET INC. LIMITED and AET SHIPMANAGEMENT (Singapore) PTE., by and through its attorney of record, Mr. Thomas R. Nork, HOLMAN FENWICK WILLAN USA LLP, 5151 San Felipe, Suite 400, Houston, TX 77056

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Kirby Inland Marine, LP ("Kirby") makes the following objections and responses to Limitation Plaintiffs' First Set of Interrogatories.  These responses are based on the information currently available to Kirby and are subject to supplementation or correction as required under Rule 26(e) of the Federal Rules of Civil Procedure.

Respectfully Submitted,

STEPP & SULLIVAN, P.C.

Jad J. Stepp
State Bar No. 19169100
Federal Bar No. 5856
5300 Memorial Dr., #620
Dennis J. Sullivan
State Bar. No. 19473750
Federal Bar No. 15100
Houston, Texas 77007
Telephone: (713) 336-7200
Facsimile:  (713) 336-7250
**ATTORNEYS FOR DEFENDANT
KIRBY INLAND MARINE LP**

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am a member of Stepp & Sullivan, P.C., and that a true and correct copy of the foregoing document was served on counsel of record as noted below on this, the 23rd day of April 2018.

*Via Email: tom.nork@hfw.com*
Mr. Thomas R. Nork
HOLMAN FENWICK WILLAN USA LLP
5151 San Felipe, Suite 400
Houston, TX 77056

*Via Email: marc.kutner@hfw.com*
Mr. Marc Kutner
HOLMAN FENWICK WILLAN USA LLP
5151 San Felipe, Suite 400
Houston, TX 77056

Jad J. Stepp

2

**DEFENDANT KIRBY INLAND MARINE, LP'S RESPONSE AND OBJECTIONS TO
LIMITATION PLAINTIFF'S AET INC. LIMITED AND AET SHIPMANAGEMENT
(SINGAPORE) PTE.  PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all persons preparing, assisting or that you interviewed or communicated with in preparing
your answers to AET's Requests for Production, Requests for Admission and/or Interrogatories.

**ANSWER:** Objection.  This interrogatory requests information that is protected by the Attorney
Client Privilege as well as the Attorney Work Product Immunity as it seeks to invade the thought
process, the communications, and activities engaged by Kirby's counsel.  In addition to Kirby's
counsel, the following assisted in the preparation of these Answers.

Mr. Shamus O'Brien

**INTERROGATORY NO. 2:**

State the full name, address and telephone number of any individuals who have knowledge of facts
or discoverable matters, whether or not admissible, that are or may be relevant to any issues in this
lawsuit including retained expert witnesses.

Objection.  This interrogatory requests information concerning expert witnesses, and as such is
premature, in that the disclosure of expert witness information is governed by the Court's
scheduling Order and/or the Federal Rules of Civil Procedure.  Additional objection is made to
this request in that it seeks information regarding consulting only experts which is protected from
disclosure. Fed. R. Civ. P. 26(b)4(D).

**ANSWER:**

1. Captain Pallava Shukla, Master of the M/V EAGLE OTOME
   AET
   c/o Thomas Nork
   Holman Fenwick Willan USA LLP
   5151 San Felipe, Suite 400
   Houston, TX 77056
   (713) 917-0888
   Captain Pallava Shukla, as Master of the M/V EAGLE OTOME at the time of the
   incident, is expected to testify regarding the occurrence of the Incident, as well as the
   events preceding and following the Incident.

2. Peter Chua, Third Officer of the M/V EAGLE OTOME
   AET
   c/o Thomas Nork
   Holman Fenwick Willan
   5151 San Felipe, Suite 400

Houston, TX 77056
(713) 917-0888
Peter Chua was the Third Officer for the M/V EAGLE OTOME at the time of the Incident. He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

3. Thuraisamy Nareseiah, Third Engineer of the M/V EAGLE OTOME
Thuraisamy Nareseiah was the Third Engineer for the M/V EAGLE OTOME at the time of the Incident. He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

4. Bikash Kumar Sinha, Chief Officer of the M/V EAGLE OTOME
AET
c/o Thomas Nork
Holman Fenwick Willan
5151 San Felipe, Suite 400
Houston, TX 77056
(713) 917-0888
Bikash Kumar Sinha was the Chief Officer for the M/V EAGLE OTOME at the time of the Incident. He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

5. Satinder Pratap Singh Khariyal, Second Officer of the M/V EAGLE OTOME
AET
c/o Thomas Nork
Holman Fenwick Willan
5151 San Felipe, Suite 400
Houston, TX 77056
(713) 917-0888
Satinder Pratap Singh Khariyal was the Second Officer for the M/V EAGLE OTOME at the time of the Incident. He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

6. Mohammed Irfan Alam Saify, Deck Cadet of the M/V EAGLE OTOME
Mohammed Irfan Alam Saify was the Deck Cadet for the M/V EAGLE OTOME at the time of the Incident. He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

7. Aron Kumar, Deck Cadet of the M/V EAGLE OTOME
Aron Kumar was the Deck Cadet for the M/V EAGLE OTOME at the time of the Incident. He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

8. Dhayala Perianayagaraj Susairaj, SAA Rank of the M/V EAGLE OTOME

4

Dhayala Perinayagaraj Susairaj was the SAA Rank for the M/V EAGLE OTOME at the time of the Incident.  He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

9. Rajesh Kumar Alluvala, Third Engineer of the M/V EAGLE OTOME
   Rajesh Kumar Alluvala was the Third Engineer for the M/V EAGLE OTOME at the time of the Incident.  He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

10. Asik Ekbal, Third Engineer of the M/V EAGLE OTOME
    Asik Ekbal was the Third Engineer for the M/V EAGLE OTOME at the time of the Incident.  He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

11. Hu Wang, Engine Cadet of the M/V EAGLE OTOME
    Hu Wang was the Engine Cadet for the M/V EAGLE OTOME at the time of the Incident.  He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

12. Muhamad Faez Bin Yusoff, Engine Cadet of the M/V EAGLE OTOME
    Muhamad Faez Bin Yusoff was the Engine Cadet for the M/V EAGLE OTOME at the time of the Incident.  He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

13. Bhupathi Ram Kaliyambath, Pump Man of the M/V EAGLE OTOME
    AET
    c/o Thomas Nork
    Holman Fenwick Willan
    5151 San Felipe, Suite 400
    Houston, TX 77056
    (713) 917-0888
    Bhupathi Ram Kaliyambath was the Pump Man for the M/V EAGLE OTOME at the time of the Incident.  He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

14. Dumpa Suresh Rao, Bosun of the M/V EAGLE OTOME
    Dumpa Suresh Rao was the Bosun for the M/V EAGLE OTOME at the time of the Incident.  He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

15. Sunny Kumar, A/B Rank of the M/V EAGLE OTOME
    Sunny Kumar was the A/B Rank for the M/V EAGLE OTOME at the time of the Incident.  He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

16. Biplab Kumar Panda, Ordinary Seaman of the M/V EAGLE OTOME
    Biplab Kumar Panda was the Ordinary Seaman for the M/V EAGLE OTOME at the
    time of the Incident. He is expected to testify regarding the occurrence of the Incident,
    as well as the events preceding and following the Incident.

17. Vaniyan Kunhikrishnan, Chief Cook of the M/V EAGLE OTOME
    Vaniyan Kunhikrishnan was the Chief Cook for the M/V EAGLE OTOME at the time
    of the Incident. He is expected to testify regarding the occurrence of the Incident, as
    well as the events preceding and following the Incident.

18. Sasikumar Jayaraman, Second Cook of the M/V EAGLE OTOME
    Sasikumar Jayaraman was the Second Cook for the M/V EAGLE OTOME at the time
    of the Incident. He is expected to testify regarding the occurrence of the Incident, as
    well as the events preceding and following the Incident.

19. Rama Moorthy Govinda Samy, FITTER of the M/V EAGLE OTOME
    Rama Moorthy Govinda Samy was the FITTER for the M/V EAGLE OTOME at the
    time of the Incident. He is expected to testify regarding the occurrence of the Incident,
    as well as the events preceding and following the Incident.

20. Mohamedrathi Mohamedalvi, FITTER of the M/V EAGLE OTOME
    Mohamedrathi Mohamedalvi was the FITTER for the M/V EAGLE OTOME at the
    time of the Incident. He is expected to testify regarding the occurrence of the Incident,
    as well as the events preceding and following the Incident.

21. Abdul Manaf Medumauge, AB Rank of the M/V EAGLE OTOME
    Abdul Manaf Medumauge was the AB Rank aboard the M/V EAGLE OTOME at the
    time of the Incident. He is expected to testify regarding the occurrence of the Incident,
    as well as the events preceding and following the Incident.

22. Nagendra Vara Prasad Enjeti, Second Engineer of the M/V EAGLE OTOME
    Nagendra Vara Prasad Enjeti was the Second Engineer aboard the M/V EAGLE
    OTOME at the time of the Incident. He is expected to testify regarding the occurrence
    of the Incident, as well as the events preceding and following the Incident.

23. Yogeswaren Selvarajah, Deck Cadet aboard the M/V EAGLE OTOME
    Yogeswaren Selvarajah was a Deck Cadet aboard the M/V EAGLE OTOME at the
    time of the Incident. He is expected to testify regarding the occurrence of the Incident,
    as well as the events preceding and following the Incident.

24. Mohammed Mavadige, Prior Helmsman
    Mohammed Mavadige was the A/B aboard the M/V EAGLE OTOME at the time of
    the Incident. He is expected to testify regarding the occurrence of the Incident, as well
    as the events preceding and following the Incident.

25. Samuel Sureta, Second Officer aboard the M/V EAGLE OTOME
AET
c/o Thomas Nork
Holman Fenwick Willan
5151 San Felipe, Suite 400
Houston, TX 77056
(713) 917-0888
Samuel Sureta was the Second Officer aboard the M/V EAGLE OTOME at the time of the Incident. He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

26. ATKM Shahjalal, Chief Engineer aboard the M/V EAGLE OTOME
AET
c/o Thomas Nork
Holman Fenwick Willan
5151 San Felipe, Suite 400
Houston, TX 77056
(713) 917-0888
Atkam Shahjalal was the Chief Engineer aboard the M/V EAGLE OTOME at the time of the Incident. He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

27. Dharmender, Ordinary Seaman
Dharmender was an Ordinary Seaman aboard the M/V EAGLE OTOME at the time of the Incident. He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

28. Chandra Puran, Senior Electrical Engineer
Chandra Puran was a Senior Electrical Engineer aboard the M/V EAGLE OTOME at the time of the Incident. He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

29. Captain Richard Russell, Vice President of Operations - Americas
AET
c/o Thomas Nork
Holman Fenwick Willan
5151 San Felipe, Suite 400
Houston, TX 77056
(713) 917-0888
Captain Richard Russell was the Vice President of Operations – Americas for AET at the time of the Incident. He is expected to testify regarding AET Corporate and its involvement with the Incident.

30. Captain Fared Khan, Head of HR Sea
AET

c/o Thomas Nork
Holman Fenwick Willan
5151 San Felipe, Suite 400
Houston, TX 77056
(713) 917-0888
Captain Fared Khan was the Head of HR Sea for AET at the time of the Incident.  He is expected to testify regarding AET Corporate and its involvement with the Incident.

31. Captain Edwin Lim, Head of Training
    AET
    c/o Thomas Nork
    Holman Fenwick Willan
    5151 San Felipe, Suite 400
    Houston, TX 77056
    (713) 917-0888
    Captain Edwin Lim was the Head of Training for AET at the time of the Incident.  He is expected to testify regarding AET Corporate and its involvement with the Incident.

32. Jens-Uwe Stroeber, HR SEA Senior Manager
    AET
    c/o Thomas Nork
    Holman Fenwick Willan
    5151 San Felipe, Suite 400
    Houston, TX 77056
    (713) 917-0888
    Jens-Uwe Stroeber, as HR SEA Senior Manager for AET at the time of the incident, is expected to testify regarding AET Corporate and its involvement with the Incident.

33. David Borden, Pilot
    Sabine Pilots
    5148 West Parkway Dr.
    Groves, TX 77619
    (409) 962-9223
    David Borden was a Pilot aboard the M/V EAGLE OTOME at the time of the Incident. He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

34. Charles Bancroft, Pilot
    Sabine Pilots
    5148 West Parkway Dr.
    Groves, TX 77619
    (409) 962-9223
    Charles Bancroft was a Pilot aboard the M/V EAGLE OTOME at the time of the Incident.  He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

8

35. Captain Dilip Ranadive, Master of the M/V GULL ARROW
Gearbulk – UK Ltd.
2nd Floor West
1 London Bridge
Tooley Street
London, UK
SE1 9BG
44 (0) 20 7940 6900
Captain Dilip Ranadive, as Master of the M/V GULL ARROW at the time of the incident, is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

36. Oliver Bruno D'Souza, Third Assistant Engineer of the M/V GULL ARROW
Gearbulk – UK Ltd.
2nd Floor West
1 London Bridge
Tooley Street
London, UK
SE1 9BG
44 (0) 20 7940 6900
Oliver Bruno D'Souza, as Third Assistant Engineer of the M/V GULL ARROW at the time of the incident, is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

37. Alhad Anand Galgali, Third Assistant Engineer of the M/V GULL ARROW
Gearbulk – UK Ltd.
2nd Floor West
1 London Bridge
Tooley Street
London, UK
SE1 9BG
44 (0) 20 7940 6900
Alhad Anand Galgali, as Third Assistant Engineer of the M/V GULL ARROW at the time of the incident, is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

38. Lovepreet Singh Bhatia, First Assistant Engineer of the M/V GULL ARROW
Gearbulk – UK Ltd.
2nd Floor West
1 London Bridge
Tooley Street
London, UK
SE1 9BG
44 (0) 20 7940 6900

Lovepreet Singh Bhatia, as First Assistant Engineer of the M/V GULL ARROW at the time of the incident, is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

39. Harbinder Singh Sadhrao, chief engineer of the M/V GULL ARROW
    Gearbulk – UK Ltd.
    2nd Floor West
    1 London Bridge
    Tooley Street
    London, UK
    SE1 9BG
    44 (0) 20 7940 6900
    Harbinder Singh Sadhrao, as chief engineer of the M/V GULL ARROW at the time of the incident, is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

40. Chackodhas Kizhakkumthala, Second Mate of the M/V GULL ARROW
    Gearbulk – UK Ltd.
    2nd Floor West
    1 London Bridge
    Tooley Street
    London, UK
    SE1 9BG
    44 (0) 20 7940 6900
    Chacko Dhas Kizhakumthala, as Second Mate of the M/V GULL ARROW at the time of the incident, is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

41. Siddhartha Dhawan, Second Officer of the M/V GULL ARROW
    Gearbulk – UK Ltd.
    2nd Floor West
    1 London Bridge
    Tooley Street
    London, UK
    SE1 9BG
    44 (0) 20 7940 6900
    Siddhartha Dhawan, as Second Officer of the M/V GULL ARROW at the time of the incident, is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

42. Anand Siddappa Kshirsagar, Chief Mate of the M/V GULL ARROW
    Gearbulk – UK Ltd.
    2nd Floor West
    1 London Bridge
    Tooley Street

London, UK
SE1 9BG
44 (0) 20 7940 6900
Anand Siddappa Kshirsagar, as Chief Mate of the M/V GULL ARROW at the time of the incident, is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

43. Captain Lawrence Fortin, Captain of the M/V CAPT LEROY
Hard's Marine Service Ltd.
266 County Road 2075
Hull, TX 77564
(281) 452-3171
Captain Lawrence Fortin, as Captain of the M/V CAPT LEROY at the time of the incident, is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

44. Preston Mack, Tankerman aboard the M/V CAPTAIN LEROY
Hard's Marine Service Ltd.
266 County Road 2075
Hull, TX 77564
(281) 452-3171
Preston Mack, as Tankerman of the M/V CAPT LEROY at the time of the incident, is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

45. David Scarlett, Chief Engineer of the Tug RHEA
Smith Maritime
967 Bulkhead Road
Green Cove Springs, FL 32043
(904) 284-0503
David Scarlett was the Chief Engineer of the tug RHEA at the time of the Incident. He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

46. Captain Jamie James, Captain of the Tug RHEA
Smith Maritime
967 Bulkhead Road
Green Cove Springs, FL 32043
(904) 284-0503
Captain Jamie James was the Captain of the tug RHEA at the time of the Incident. He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

47. Richard Howe chief mate of the Tug RHEA
Kirby Inland Marine, LP

c/o Jad J. Stepp, Dennis J. Sullivan
Stepp & Sullivan, PC
5300 Memorial Drive, Suite 620
Houston, TX 77007
(713) 336-7200

Richard Howe was the chief mate of the Tug RHEA at the time of the Incident. He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

48. Christopher Willis, Ordinary Seaman of the Tug RHEA
Smith Maritime
967 Bulkhead Road
Green Cove Springs, FL 32043
(904) 284-0503
Christopher Willis was the Ordinary Seaman of the Tug RHEA at the time of the Incident. He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

49. Captain Lex Wimberly, Relief Captain of the M/V DIXIE VENGEANCE
332 Robinhood Trail
Brandon, MS 39042

Captain Lex Wimberly was the Relief Captain for the M/V DIXIE VENGEANCE at the time of the Incident. He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

50. Drew Cary, Tankerman
382 Nation Road
Deville, LA 71328
Drew Cary was a Tankerman for the M/V DIXIE VENGEANCE at the time of the Incident. He is expected to testify regarding the occurrence of the Incident, as well as the events preceding and following the Incident.

51. Scott Whalen, Director of Training
Vessel Traffic Service, Port Arthur
U.S. Coast Guard
Scott Whalen is expected to testify regarding the AIS tracks related to the incident and their creation.

52. MST1 Carl V. Jehle
U.S. Coast Guard
Carl V. Jehle, MST1 for the USCG, was a Coast Guard member at the time of the Incident. He is expected to testify regarding his investigation and findings related to the Incident.

12

53. LTJG Benjamin Lee
   U.S. Coast Guard
   Benjamin Lee, LTJG for the USCG, was a Coast Guard member at the time of the Incident. He is expected to testify regarding his investigation and findings related to the Incident.

54. LTJG Michael Tappan
   U.S. Coast Guard
   Michael Tappan, LTJG for the USCG, was a Coast Guard member at the time of the Incident. He is expected to testify regarding his investigation and findings related to the Incident.

55. BM3 Charles Avondet
   U.S. Coast Guard
   Charles Avondet, BM3 for the USCG, was a Coast Guard member at the time of the Incident. He is expected to testify regarding his investigation and findings related to the Incident.

56. Lynette Jeanes, Chief Petty Officer
   U.S. Coast Guard
   Lynette Jeanes, Chief Petty Officer for the USCG, was a Coast Guard member at the time of the Incident. She is expected to testify regarding his investigation and findings related to the Incident.

57. Captain Matthew Hall, Chief of Mariner Medical Credentials
   U.S. Coast Guard
   Captain Matthew Hall was a physician with the Coast Guard at the time of the Incident. He is expected to testify regarding his investigation and findings related to the Incident

58. LT Sarah Rousseau
   U.S. Coast Guard
   Sarah Rousseau, LT for the USCG, was a Coast Guard member at the time of the Incident. She is expected to testify regarding his investigation and findings related to the Incident.

59. Robert Travis, Chief, Response Documentation
   U.S. Coast Guard
   Robert Travis was a Coast Guard Chief of Response Documentation at the time of the Incident. He is expected to testify regarding his investigation and findings related to the Incident.

60. Chuck Anglin
   U.S. Coast Guard

Chuck Anglin was a Coast Guard member working with response documentation at the time of the Incident.  He is expected to testify regarding his investigation and findings related to the Incident.

61. Demetrius Cheeks, Lieutenant
U.S. Coast Guard
Demetrius Cheeks, Lieutenant for the USCG, was a Coast Guard member at the time of the Incident.  He is expected to testify regarding his investigation and findings related to the Incident.

62. Evan Morrison, VTS Supervisor
U.S. Coast Guard
Evan Morrison was the VTS Supervisor at the time of the Incident.  He is expected to testify regarding the Incident and his VTS role related to same.

63. Kathleen Moore, Commander
U.S. Coast Guard
Kathleen Moore was a commander in the Coast Guard at the time of the Incident.  She is expected to testify regarding the Incident and the Coast Guard's investigation into same.

64. Rob Jones, Captain
National Transportation Safety Board
Rob Jones was a captain with the NTSB at the time of the Incident.  He is expected to testify regarding the Incident and the NTSB's investigation into same.

65. Eric Lewis, VTS Employee Port Arthur
U.S. Coast Guard
Eric Lewis was a Coast Guard member and VTS employee at the time of the Incident.  He is expected to testify regarding the Incident and his VTS role related to same.

66. Evan Morrow, VTS Supervisor
U.S. Coast Guard
Evan Morrow was the VTS Supervisor at the time of the Incident.  He is expected to testify regarding the Incident and his VTS role related to same.

67. Charles Tweedel, President
Sabine Pilots Association
5148 West Parkway Drive
Groves, TX 77619
(409) 722-3126
Charles Tweedel was president of the Sabine Pilots Association at the time of the Incident.  He is expected to testify regarding the Incident, its causes and subsequent events.

14

68. William Scott, Chairman
Jefferson and Orange County Board of Commissioners
Williams Scott was the chairman of the Jefferson and Orange County Board of Commissioners at the time of the Incident. He is expected to testify regarding the Incident, its causes and subsequent events.

69. Morris Albright, Chairman
Southeast Texas Waterways Advisory Committee
c/o Commanding Officer
2901 Turtle Creek Dr.
Port Arthur, TX 77642
(409) 719-5086
Morris Albright was the Chairman of the Southeast Texas Waterways Advisory Committee at the time of the Incident. He is expected to testify regarding the Incident and the Committee's role in the safety issues surrounding same.

Kirby reserves the right to supplement.

**INTERROGATORY NO. 3:**

Please give a concise and complete statement of the facts as to how you contend that the Collision occurred. Please include any acts or omissions of AET which you contend caused or contributed to the collision.

**ANSWER:** Kirby objects to this Interrogatory as unduly burdensome, and because it requires Kirby to marshal its evidence. Kirby further objects to this Interrogatory as it seeks information protected by the attorney-client privilege, investigating privilege, or work-product doctrine. Kirby further objects to this interrogatory as it improperly calls for a narrative response better suited for a deposition.

Subject to and without waiving the above general and specific objections, Kirby responds generally that the EAGLE OTOME failed to warn the DIXIE VENGEANCE and other vessels in the area of a diversion from an agreed upon passing agreement, failed to provide notice of circumstances which could cause it to fail to uphold its passing agreement to the DIXIE VENGEANCE, failed to keep its passing agreement with the DIXIE VENGEANCE, failed to implement the required and reasonable policies, procedures, safeguards, oversight, training, and verification of same, to prevent this incident, and which resulted in this occurrence. Kirby reserves the right to supplement and amend this answer once discovery has concluded.

**INTERROGATORY NO. 4:**

Please identify any damages which you claim to have sustained as a result of the Collision, stating specifically the manner and fashion which you were damaged, all portions of your property which sustained any kind of damage and identify the total damages amount in U.S dollars.

**ANSWER:** Please see the Claim and Answer of Kirby filed in AET's limitation action. Kirby will supplement.

**INTERROGATORY NO. 5:**

Describe in full detail how the Collision occurred.

**ANSWER:** Kirby objects to this Interrogatory as unduly burdensome, and because it requires Kirby to marshal its evidence. Kirby further objects to this interrogatory as it improperly calls for a narrative response better suited for a deposition. Additionally, as this interrogatory is a contention interrogatory, and due to the timing of such, as they are presented in the first written discovery served by Petitioner, and before any formal discovery has taken place, violates the attorney-client privileges, as it delves into discussions between attorney and client, as well as the work product immunity, because any response hereto would be based on work product and not on factual evidentiary discovery. Understanding that although the request is premature, and seeks protected and immune information, that such aspects of the request can be attempted to be carved out without violating or waiving the privileges and immunities asserted and subject to and without waiving the above general and specific objections, Kirby responds generally that the EAGLE OTOME failed to warn the DIXIE VENGEANCE and other vessels in the area of a diversion from an agreed upon passing agreement, failed to provide notice of circumstances which could cause it to fail to uphold its passing agreement to the DIXIE VENGEANCE, failed to keep its passing agreement with the DIXIE VENGEANCE, failed to implement the required and reasonable policies, procedures, safeguards, oversight, training, and verification of same, to prevent this incident, and which resulted in this occurrence. Additionally, the EAGLE OTOME sheered in front of the DIXIE VENGEANCE without warning. Kirby reserves the right to supplement and amend this answer once discovery has concluded.

**INTERROGATORY NO. 6:**

Describe all previous or subsequent collisions, allisions and groundings involving Kirby towboats and barges in which there was a spill of oil or oil products and describe each incident, date, and the circumstances surrounding such incident including the name of the Kirby tow boat involved and identity the Kirby employee in charge of navigation at the time, for the period five years prior to and five years after the collision.

**ANSWER:** Objection. The request is not relevant to any parties claim or defenses and is outside the scope of discovery as it seeks information concerning separate incidents that are not similar to the incident made the basis of this suit or to the equipment or personnel involved. Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action, and is overly burdensome in that it requests extensive information concerning Kirby's vessels and crew. Kirby further objects as this requests is overbroad and not proportional to the needs of the case as it seeks discovery of "all previous or subsequent collisions, allisions and groundings involving Kirby towboats and barges in which there was a spill of oil or oil products" no matter the reasoning or whether those incidents were similar.

16

The request is not relevant to any parties' claim or defenses and is outside the scope of discovery as it seeks information concerning separate incidents based on a different facts and circumstances that are not similar to the incident made the basis of this suit, seeks inadmissible information, and is not intended to lead to the discovery of admissible evidence. Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action. Such discovery concerns dissimilar incidents or events to the present action and is therefore not relevant and inadmissible. Such discovery seeks information regarding subsequent events and measures, in order to argue negligence, culpable conduct, a defect in a product or its design; or a need for a warning or instruction, and is therefore inadmissible. FRE 407. The fact that such evidence is inadmissible and is not evidence of the type to be offered for an alternative purpose, precludes any discovery regarding same.

**INTERROGATORY NO. 7:**

Apart from the recitation in your pleadings, please state separately, precisely and in detail each and every fact and complaint which you allege constitutes negligence or other legal fault of AET, its respective agents, servants, and/or employees that in any way resulted in or contributed to cause your alleged damages forming the subject matter of this suit and state every Rule you believe was violated by AET and which was a cause of the Collision and identity the person on whom you are relying for you beliefs regarding which Rules were violated.

**ANSWER:** Kirby objects to this Interrogatory as unduly burdensome, and because it requires Kirby to marshal its evidence. Kirby further objects to this interrogatory as it improperly calls for a narrative response better suited for a deposition. Additionally, as this interrogatory is a contention interrogatory, and due to the timing of such, as they are presented in the first written discovery served by Petitioner, and before any formal discovery has taken place, violates the attorney-client privileges, as it delves into discussions between attorney and client, as well as the work product immunity, because any response hereto would be based on work product and not on factual evidentiary discovery. Understanding that although the request is premature, and seeks protected and immune information, that such aspects of the request can be attempted to be carved out without violating or waiving the privileges and immunities asserted, subject to and without waiving the above general and specific objections, Kirby responds generally that the EAGLE OTOME failed to warn the DIXIE VENGEANCE and other vessels in the area of a diversion from an agreed upon passing agreement, failed to provide notice of circumstances which could cause it to fail to uphold its passing agreement to the DIXIE VENGEANCE, failed to keep its passing agreement with the DIXIE VENGEANCE, failed to implement the required and reasonable policies, procedures, safeguards, oversight, training, and verification of same, to prevent this incident, and which resulted in this occurrence. Additionally, the EAGLE OTOME sheered in front of the DIXIE VENGEANCE without warning.

**INTERROGATORY NO. 8:**

Apart from the recitation in your pleadings, please state separately, precisely and in detail each and every fact and complaint which you allege constitutes negligence, unseaworthiness or other legal fault of any involved vessel(s) that in any way resulted in or contributed to cause your alleged damages forming the subject matter of this suit.

**ANSWER:** Kirby objects to this Interrogatory as unduly burdensome, and because it requires Kirby to marshal its evidence. Kirby further objects to this interrogatory as it improperly calls for a narrative response better suited for a deposition. Additionally, as this interrogatory is a contention interrogatory, and due to the timing of such, as they are presented in the first written discovery served by Petitioner, and before any formal discovery has taken place, violates the attorney-client privileges, as it delves into discussions between attorney and client, as well as the work product immunity, because any response hereto would be based on work product and not on factual evidentiary discovery. Understanding that although the request is premature, and seeks protected and immune information, that such aspects of the request can be attempted to be carved out without violating or waiving the privileges and immunities asserted, subject to and without waiving the above general and specific objections, Kirby responds generally that the EAGLE OTOME failed to warn the DIXIE VENGEANCE and other vessels in the area of a diversion from an agreed upon passing agreement, failed to provide notice of circumstances which could cause it to fail to uphold its passing agreement to the DIXIE VENGEANCE, failed to keep its passing agreement with the DIXIE VENGEANCE, failed to implement the required and reasonable policies, procedures, safeguards, oversight, training, and verification of same, to prevent this incident, and which resulted in this occurrence. Additionally, the EAGLE OTOME sheered in front of the DIXIE VENGEANCE without warning.

No Depositions have been taken, nor has much of the important documentary evidence been produced by AET. Kirby therefore reserved the right to supplement and amend the answer to this request.

**INTERROGATORY NO. 9:**

State the name, address and phone number of any person who is expected to be called to testify at trial.

**ANSWER:** Kirby objects to the extent that at this stage Defendant is not yet obligated to produce information on such witnesses. Subject to said objection, please see Kirby's response to Interrogatory 2 for individuals with relevant information concerning the incident.

**INTERROGATORY NO. 10:**

Describe every collision, allision and grounding involving Kirby vessels and in which Lex Wimberley was in charge of navigation at the time of the collision, allision and grounding for the five year period prior to and after the Collision.

**ANSWER:** Objection. The request is not relevant to any parties claim or defenses and is outside the scope of discovery as it seeks information concerning separate incidents that are not similar to the incident made the basis of this suit or to the equipment or personnel involved. Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action, and is overly burdensome in that it requests extensive information concerning Kirby's vessels and crew. Kirby further objects as this requests is overbroad and not proportional to the needs of the case as it seeks discovery of "all previous or subsequent collisions, allisions and groundings involving Kirby towboats and barges in which there was a spill of oil or oil products" no matter the reasoning or whether those incidents were similar.

The request is not relevant to any parties' claim or defenses and is outside the scope of discovery as it seeks information concerning separate incidents based on a different facts and circumstances that are not similar to the incident made the basis of this suit, seeks inadmissible information, and is not intended to lead to the discovery of admissible evidence. Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action. Such discovery concerns dissimilar incidents or events to the present action and is therefore not relevant and inadmissible. Such discovery seeks information regarding subsequent events and measures, in order to argue negligence, culpable conduct, a defect in a product or its design; or a need for a warning or instruction, and is therefore inadmissible. FRE 407. The fact that such evidence is inadmissible and is not evidence of the type to be offered for an alternative purpose, precludes any discovery regarding same.

## INTERROGATORY NO. 11:

Regarding the Complaint in Case 3:16-cv-00269, Kirby States of America v. Kirby Inland Marine, L.P., describe in detail all collisions and spills referred to in Paragraph 47 of the Complaint which states "Kirby has a history of collisions and spills before and after this spill" including but not limited to the dates, locations, vessels involved, Kirby wheelhouse crew involved and the circumstances of each collision.

**ANSWER:** Objection. The request is not relevant to any parties' claim or defenses and is outside the scope of discovery as it seeks information concerning a separate lawsuit based on a different incident that is not similar to the incident made the basis of this suit, seeks inadmissible information, and is not intended to lead to the discovery of admissible evidence. Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action. Such discovery concerns a dissimilar incident or event to the present action and is therefore not relevant and inadmissible. Such discovery seeks information regarding subsequent events and measures, in order to argue negligence, culpable conduct, a defect in a product or its design; or a need for a warning or instruction, and is therefore inadmissible. FRE 407. The fact that such evidence is inadmissible and is not evidence of the type to be offered for an alternative purpose, precludes any discovery regarding same. In addition, since consent orders and complaints contain only unadjudicated findings of fact and law, they are equivalent to pleas of nolo contendere. Therefore,

under FRE 410, they are inadmissible to prove liability in subsequent litigation against the defendant. Lipsky v. Commonwealth United Corp., 551 F.2d 887, 890-91 (2d Cir. 1976).

## INTERROGATORY NO. 12

Regarding the Complaint in Case 3:16-cv-00269, explain in detail why it is stated in Paragraph 62 of the Complaint "The risk of future collisions and oil spills involving Kirby's large fleet of vessels, coupled with Kirby's history of collisions and spills, poses an imminent and substantial threat of injury to public health or welfare."

**ANSWER:** Objection. The request is not relevant to any parties' claim or defenses and is outside the scope of discovery as it seeks information concerning a separate lawsuit based on a different incident that is not similar to the incident made the basis of this suit, seeks inadmissible information, and is not intended to lead to the discovery of admissible evidence. Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action. Such discovery concerns a dissimilar incident or event to the present action and is therefore not relevant and inadmissible. Such discovery seeks information regarding subsequent events and measures, in order to argue negligence, culpable conduct, a defect in a product or its design; or a need for a warning or instruction, and is therefore inadmissible. FRE 407. The fact that such evidence is inadmissible and is not evidence of the type to be offered for an alternative purpose, precludes any discovery regarding same. In addition, since consent orders and complaints contain only unadjudicated findings of fact and law, they are equivalent to pleas of nolo contendere. Therefore, under FRE 410, they are inadmissible to prove liability in subsequent litigation against the defendant. Lipsky v. Commonwealth United Corp., 551 F.2d 887, 890-91 (2d Cir. 1976).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| COMPLAINT OF AET INC. LIMITED | § | |
| AS OWNER, AND AET | § | CIVIL ACTION NO. 1:10CV0051 |
| SHIPMANAGEMENT (SINGAPORE) | § | |
| PTE. LTS AS MANAGER, OF THE | § | ADMIRALTY RULE 9(h) |
| M/V EAGLE OTOME, FOR | § | |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |

## VERIFICATION

THE STATE OF __TEXAS__

COUNTY OF __HARRIS__

On this __18th__ day of __APRIL__, 2018, on behalf of Kirby Inland Marine

LP appeared before me, the undersigned notary public, and, after being by me first duly sworn,

stated that he has read the foregoing Defendant Kirby Inland Marine LP's Response to

Limitation Plaintiffs, AET Inc. Limited and AET Shipmanagement (Singapore) Pte. Ltd. First

Set of Interrogatories and that the factual allegations stated therein are within his personal

knowledge and are true and correct.

_____
AFFIANT
PATRICK SHAMUS O'BRIEN
CLAIMS MANAGER
KIRBY CORPORATION

SWORN TO AND SUBSCRIBED BEFORE ME by the above named Affiant this 18th

day of __April__, 2018.

_____
Notary Public, State of __Texas__
My Commission Expires: __01 | 16 | 2022__



COURTNEY DAWN ROMO
My Notary ID # 129679490
Expires January 16, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| IN THE MATTER OF THE § | |
| COMPLAINT OF AET INC. § | |
| AS OWNER, AND AET § | CIVIL ACTION NO. 1:10-cv-51 |
| SHIPMANAGEMENT (SINGAPORE) § | |
| PTE. LTD AS MANAGER, OF THE § | |
| M/V EAGLE OTOME, FOR § | |
| EXONERATION FROM OR § | |

**DEFENDANT KIRBY INLAND MARINE, LP'S RESPONSE TO LIMITATION
PLAINTIFFS, AET INC. LIMITED AND AET SHIPMANAGEMENT  (SINGAPORE)
PTE. LTD REQUESTS FOR ADMISSIONS**

To:     AET INC. LIMITED and AET SHIPMANAGEMENT (Singapore) PTE., by and through its
        attorney of record, Mr. Thomas R. Nork, HOLMAN FENWICK WILLAN USA LLP, 5151
        San Felipe, Suite 400, Houston, TX 77056


        Pursuant to the provisions of the Federal Rules of Civil Procedure, Kirby Inland Marine,

LP ("Kirby") makes the following objections and responses to Limitation Plaintiffs, AET Inc.

Limited and AET Shipmanagement (Singapore) Pte. LTD Requests for Admissions.   These

responses are based on the information currently available to Kirby and are subject to

supplementation or correction as required under Rule 26(e) of the Federal Rules of Civil

Procedure.

.

Respectfully Submitted,

STEPP & SULLIVAN, P.C.

Jad J. Stepp
State Bar No. 19169100
Federal Bar No. 5856
5300 Memorial Dr., #620
Dennis J. Sullivan
State Bar. No. 19473750
Federal Bar No. 15100
Houston, Texas 77007
Telephone: (713) 336-7200
Facsimile:  (713) 336-7250
**ATTORNEYS FOR DEFENDANT**
**KIRBY INLAND MARINE LP**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am a member of Stepp & Sullivan, P.C., and that a true and correct copy of the foregoing document was served on counsel of record as noted below on this, the 23rd day of April 2018.

*Via Email: tom.nork@hfw.com*
Mr. Thomas R. Nork
HOLMAN FENWICK WILLAN USA LLP
5151 San Felipe, Suite 400
Houston, TX 77056

*Via Email: marc.kutner@hfw.com*
Mr. Marc Kutner
HOLMAN FENWICK WILLAN USA LLP
5151 San Felipe, Suite 400
Houston, TX 77056

Jad J. Stepp

**DEFENDANT KIRBY INLAND MARINE, LP'S RESPONSE TO LIMITATION PLAINTIFF'S AET INC. LIMITED AND AET SHIPMANAGEMENT (SINGAPORE) PTE. FIRST REQUEST FOR ADMISSIONS**

1.  Admit that You signed a Consent Decree on September 13, 2016 in connection with the matter  United States v. Kirby Inland Marine, L.P.; Civil Action No. 3:16-cv-269.

    **RESPONSE:** Objection. The request is not relevant to any parties' claim or defenses and is outside the scope of discovery as it seeks information concerning a separate lawsuit based on a different incident that is not similar to the incident made the basis of this suit, seeks inadmissible information, and is not intended to lead to the discovery of admissible evidence.  Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action. Such discovery concerns a dissimilar incident or event to the present action and is therefore not relevant and inadmissible.  Such discovery seeks information regarding subsequent events and measures, in order to argue negligence, culpable conduct, a defect in a product or its design; or a need for a warning or instruction, and is therefore inadmissible. FRE 407. The fact that such evidence is inadmissible and is not evidence of the type to be offered for an alternative purpose, precludes any discovery regarding same.  In addition, since consent orders and complaints contain only unadjudicated findings of fact and law, they are equivalent to pleas of nolo contendere. Therefore, under FRE 410, they are inadmissible to prove liability in subsequent litigation against the defendant.  Lipsky v. Commonwealth United Corp., 551 F.2d 887, 890-91 (2d Cir. 1976).

2.  Admit that The United States filed a Complaint against Kirby in Civil Action No. 3:16-cv-269.

    **RESPONSE:** Objection. The request is not relevant to any parties' claim or defenses and is outside the scope of discovery as it seeks information concerning a separate lawsuit based on a different incident that is not similar to the incident made the basis of this suit, seeks inadmissible information, and is not intended to lead to the discovery of admissible evidence.  Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action. Such discovery concerns a dissimilar incident or event to the present action and is therefore not relevant and inadmissible.  Such discovery seeks information regarding subsequent events and measures, in order to argue negligence, culpable conduct, a defect in a product or its design; or a need for a warning or instruction, and is therefore inadmissible. FRE 407. The fact that such evidence is inadmissible and is not evidence of the type to be offered for an alternative purpose, precludes any discovery regarding same.  In addition, since consent orders and complaints contain only unadjudicated findings of fact and law, they are equivalent to pleas of nolo contendere. Therefore, under FRE 410, they are inadmissible to prove liability in subsequent litigation against the defendant.  Lipsky v. Commonwealth United Corp., 551 F.2d 887, 890-91 (2d Cir. 1976).

3.  Admit that The United States, in filing Civil Action No. 3:16-cv-269, acted at the request of  the United States Coast Guard.

**RESPONSE:** Objection. The request is not relevant to any parties' claim or defenses and is outside the scope of discovery as it seeks information concerning a separate lawsuit based on a different incident that is not similar to the incident made the basis of this suit, seeks inadmissible information, and is not intended to lead to the discovery of admissible evidence. Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action. Such discovery concerns a dissimilar incident or event to the present action and is therefore not relevant and inadmissible. Such discovery seeks information regarding subsequent events and measures, in order to argue negligence, culpable conduct, a defect in a product or its design; or a need for a warning or instruction, and is therefore inadmissible. FRE 407. The fact that such evidence is inadmissible and is not evidence of the type to be offered for an alternative purpose, precludes any discovery regarding same. In addition, since consent orders and complaints contain only unadjudicated findings of fact and law, they are equivalent to pleas of nolo contendere. Therefore, under FRE 410, they are inadmissible to prove liability in subsequent litigation against the defendant. Lipsky v. Commonwealth United Corp., 551 F.2d 887, 890-91 (2d Cir. 1976).

4.      Admit that Civil Action No. 3:16-cv-269 was filed by the United States in connection with the March 22, 2014 collision between the MISS SUSAN and the SUMMER WIND and the resulting oil spill.

**RESPONSE:** Objection. The request is not relevant to any parties' claim or defenses and is outside the scope of discovery as it seeks information concerning a separate lawsuit based on a different incident that is not similar to the incident made the basis of this suit, seeks inadmissible information, and is not intended to lead to the discovery of admissible evidence. Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action. Such discovery concerns a dissimilar incident or event to the present action and is therefore not relevant and inadmissible. Such discovery seeks information regarding subsequent events and measures, in order to argue negligence, culpable conduct, a defect in a product or its design; or a need for a warning or instruction, and is therefore inadmissible. FRE 407. The fact that such evidence is inadmissible and is not evidence of the type to be offered for an alternative purpose, precludes any discovery regarding same. In addition, since consent orders and complaints contain only unadjudicated findings of fact and law, they are equivalent to pleas of nolo contendere. Therefore, under FRE 410, they are inadmissible to prove liability in subsequent litigation against the defendant. Lipsky v. Commonwealth United Corp., 551 F.2d 887, 890-91 (2d Cir. 1976).

5.      Admit that The Complaint filed by the United States against Kirby in Civil Action No. 3:16-cv-269 alleged at paragraph 47 "Kirby has a history of collisions and spills before and after this spill."

**RESPONSE:** Objection. The request is not relevant to any parties' claim or defenses and is outside the scope of discovery as it seeks information concerning a separate lawsuit based on a different incident that is not similar to the incident made the basis of this suit, seeks inadmissible information, and is not intended to lead to the discovery of admissible evidence. Kirby further objects that this request is not proportional to the needs of the case because the information

requested is not important to the present action, nor will it assist in resolving the issues in this action. Such discovery concerns a dissimilar incident or event to the present action and is therefore not relevant and inadmissible. Such discovery seeks information regarding subsequent events and measures, in order to argue negligence, culpable conduct, a defect in a product or its design; or a need for a warning or instruction, and is therefore inadmissible. FRE 407. The fact that such evidence is inadmissible and is not evidence of the type to be offered for an alternative purpose, precludes any discovery regarding same. In addition, since consent orders and complaints contain only unadjudicated findings of fact and law, they are equivalent to pleas of nolo contendere. Therefore, under FRE 410, they are inadmissible to prove liability in subsequent litigation against the defendant. Lipsky v. Commonwealth United Corp., 551 F.2d 887, 890-91 (2d Cir. 1976).

6.      NO REQUEST FOR ADMISSION #6 INCLUDED FOR KIRBY INLAND MARINE,
        LP. TO ANSWER.

7.      Admit that the allegation by the United States in paragraph 47 of Civil Action No. 3:16-
        cv-269 which refers to "spills before" is referring to the Collision and resulting Spill.

        **RESPONSE:** Objection. The request is not relevant to any parties' claim or defenses and is outside the scope of discovery as it seeks information concerning a separate lawsuit based on a different incident that is not similar to the incident made the basis of this suit, seeks inadmissible information, and is not intended to lead to the discovery of admissible evidence. Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action. Such discovery concerns a dissimilar incident or event to the present action and is therefore not relevant and inadmissible. Such discovery seeks information regarding subsequent events and measures, in order to argue negligence, culpable conduct, a defect in a product or its design; or a need for a warning or instruction, and is therefore inadmissible. FRE 407. The fact that such evidence is inadmissible and is not evidence of the type to be offered for an alternative purpose, precludes any discovery regarding same. In addition, since consent orders and complaints contain only unadjudicated findings of fact and law, they are equivalent to pleas of nolo contendere. Therefore, under FRE 410, they are inadmissible to prove liability in subsequent litigation against the defendant. Lipsky v. Commonwealth United Corp., 551 F.2d 887, 890-91 (2d Cir. 1976).

8.      Admit that The Consent Decree imposed liability upon Kirby for civil penalties of
        $4,900,000.00.

        **RESPONSE:** Objection. The request is not relevant to any parties' claim or defenses and is outside the scope of discovery as it seeks information concerning a separate lawsuit based on a different incident that is not similar to the incident made the basis of this suit, seeks inadmissible information, and is not intended to lead to the discovery of admissible evidence. Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action. Such discovery concerns a dissimilar incident or event to the present action and is therefore not relevant and inadmissible. Such discovery seeks information regarding subsequent events and measures, in order to argue negligence, culpable conduct, a defect in a product or its design; or a

need for a warning or instruction, and is therefore inadmissible. FRE 407. The fact that such evidence is inadmissible and is not evidence of the type to be offered for an alternative purpose, precludes any discovery regarding same. In addition, since consent orders and complaints contain only unadjudicated findings of fact and law, they are equivalent to pleas of nolo contendere. Therefore, under FRE 410, they are inadmissible to prove liability in subsequent litigation against the defendant. Lipsky v. Commonwealth United Corp., 551 F.2d 887, 890-91 (2d Cir. 1976).

9.      Admit that The Complaint filed by the United States against Kirby in Civil Action No. 3:16-cv-269 alleged at paragraph 62 that "The risk of future collisions and oil spills involving Kirby's large fleet of vessels, coupled with Kirby's history of collisions and spills, poses an imminent and substantial threat of injury to public health or welfare."

       **RESPONSE:** Objection. The request is not relevant to any parties' claim or defenses and is outside the scope of discovery as it seeks information concerning a separate lawsuit based on a different incident that is not similar to the incident made the basis of this suit, seeks inadmissible information, and is not intended to lead to the discovery of admissible evidence. Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action. Such discovery concerns a dissimilar incident or event to the present action and is therefore not relevant and inadmissible. Such discovery seeks information regarding subsequent events and measures, in order to argue negligence, culpable conduct, a defect in a product or its design; or a need for a warning or instruction, and is therefore inadmissible. FRE 407. The fact that such evidence is inadmissible and is not evidence of the type to be offered for an alternative purpose, precludes any discovery regarding same. In addition, since consent orders and complaints contain only unadjudicated findings of fact and law, they are equivalent to pleas of nolo contendere. Therefore, under FRE 410, they are inadmissible to prove liability in subsequent litigation against the defendant. Lipsky v. Commonwealth United Corp., 551 F.2d 887, 890-91 (2d Cir. 1976).

10.     Admit that The allegations in paragraph 62 of Civil Action No. 3:16-cv-269 were the basis for the injunctive relief sought by the United States as stated in paragraph 59 of Civil Action No. 3:16-cv-269.

       **RESPONSE:** Objection. The request is not relevant to any parties' claim or defenses and is outside the scope of discovery as it seeks information concerning a separate lawsuit based on a different incident that is not similar to the incident made the basis of this suit, seeks inadmissible information, and is not intended to lead to the discovery of admissible evidence. Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action. Such discovery concerns a dissimilar incident or event to the present action and is therefore not relevant and inadmissible. Such discovery seeks information regarding subsequent events and measures, in order to argue negligence, culpable conduct, a defect in a product or its design; or a need for a warning or instruction, and is therefore inadmissible. FRE 407. The fact that such evidence is inadmissible and is not evidence of the type to be offered for an alternative purpose, precludes any discovery regarding same. In addition, since consent orders and complaints contain only unadjudicated findings of fact and law, they are equivalent to pleas of nolo contendere.

6

Therefore, under FRE 410, they are inadmissible to prove liability in subsequent litigation against the defendant.  Lipsky v. Commonwealth United Corp., 551 F.2d 887, 890-91 (2d Cir. 1976).

11.     Admit that, included the injunctive relief sought by the United States as stated in the Consent Decree was that Kirby install on each vessel owned and operated by Kirby an Automatic Identification System ("AIS") capable of recording the complete dimensions of the vessel and its tow configuration.

**RESPONSE:** Objection. The request is not relevant to any parties' claim or defenses and is outside the scope of discovery as it seeks information concerning a separate lawsuit based on a different incident that is not similar to the incident made the basis of this suit, seeks inadmissible information, and is not intended to lead to the discovery of admissible evidence.  Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action. Such discovery concerns a dissimilar incident or event to the present action and is therefore not relevant and inadmissible.  Such discovery seeks information regarding subsequent events and measures, in order to argue negligence, culpable conduct, a defect in a product or its design; or a need for a warning or instruction, and is therefore inadmissible. FRE 407. The fact that such evidence is inadmissible and is not evidence of the type to be offered for an alternative purpose, precludes any discovery regarding same.  In addition, since consent orders and complaints contain only unadjudicated findings of fact and law, they are equivalent to pleas of nolo contendere. Therefore, under FRE 410, they are inadmissible to prove liability in subsequent litigation against the defendant.  Lipsky v. Commonwealth United Corp., 551 F.2d 887, 890-91 (2d Cir. 1976).

12.     Admit that the injunctive relief required Kirby to provide training to each person responsible for entering the data on how to enter the dimensions of the tow configuration  into the AIS.

**RESPONSE:** Objection. The request is not relevant to any parties' claim or defenses and is outside the scope of discovery as it seeks information concerning a separate lawsuit based on a different incident that is not similar to the incident made the basis of this suit, seeks inadmissible information, and is not intended to lead to the discovery of admissible evidence. Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action. Such discovery concerns a dissimilar incident or event to the present action and is therefore not relevant and inadmissible.  Such discovery seeks information regarding subsequent events and measures, in order to argue negligence, culpable conduct, a defect in a product or its design; or a need for a warning or instruction, and is therefore inadmissible. FRE 407. The fact that such evidence is inadmissible and is not evidence of the type to be offered for an alternative purpose, precludes any discovery regarding same. In addition, since consent orders and complaints contain only unadjudicated findings of fact and law, they are equivalent to pleas of nolo contendere. Therefore, under FRE 410, they are inadmissible to prove liability in subsequent litigation against the defendant.  Lipsky v. Commonwealth United Corp., 551 F.2d 887, 890-91 (2d Cir. 1976).

13.     Admit that the injunctive relief required that Kirby ensure that such data is entered for each trip.

**RESPONSE:** Objection. The request is not relevant to any parties' claim or defenses and is outside the scope of discovery as it seeks information concerning a separate lawsuit based on a different incident that is not similar to the incident made the basis of this suit, seeks inadmissible information, and is not intended to lead to the discovery of admissible evidence.  Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action. Such discovery concerns a dissimilar incident or event to the present action and is therefore not relevant and inadmissible.  Such discovery seeks information regarding subsequent events and measures, in order to argue negligence, culpable conduct, a defect in a product or its design; or a need for a warning or instruction, and is therefore inadmissible. FRE 407. The fact that such evidence is inadmissible and is not evidence of the type to be offered for an alternative purpose, precludes any discovery regarding same.  In addition, since consent orders and complaints contain only unadjudicated findings of fact and law, they are equivalent to pleas of nolo contendere. Therefore, under FRE 410, they are inadmissible to prove liability in subsequent litigation against the defendant.  Lipsky v. Commonwealth United Corp., 551 F.2d 887, 890-91 (2d Cir. 1976).

14.     Admit the injunctive relief required that Kirby install a navigation system capable of marking contacts and calculating closing/crossing distances and times ("Navigation System").

**RESPONSE:** Objection. The request is not relevant to any parties' claim or defenses and is outside the scope of discovery as it seeks information concerning a separate lawsuit based on a different incident that is not similar to the incident made the basis of this suit, seeks inadmissible information, and is not intended to lead to the discovery of admissible evidence.  Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action. Such discovery concerns a dissimilar incident or event to the present action and is therefore not relevant and inadmissible.  Such discovery seeks information regarding subsequent events and measures, in order to argue negligence, culpable conduct, a defect in a product or its design; or a need for a warning or instruction, and is therefore inadmissible. FRE 407. The fact that such evidence is inadmissible and is not evidence of the type to be offered for an alternative purpose, precludes any discovery regarding same.  In addition, since consent orders and complaints contain only unadjudicated findings of fact and law, they are equivalent to pleas of nolo contendere. Therefore, under FRE 410, they are inadmissible to prove liability in subsequent litigation against the defendant.  Lipsky v. Commonwealth United Corp., 551 F.2d 887, 890-91 (2d Cir. 1976).

15.     Admit that the injunctive relief required that Kirby provide training to all employees responsible for navigation regarding the proper use of the Navigation System.

**RESPONSE:** Objection. The request is not relevant to any parties' claim or defenses and is outside the scope of discovery as it seeks information concerning a separate lawsuit based on a different incident that is not similar to the incident made the basis of this suit, seeks inadmissible

information, and is not intended to lead to the discovery of admissible evidence. Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action. Such discovery concerns a dissimilar incident or event to the present action and is therefore not relevant and inadmissible. Such discovery seeks information regarding subsequent events and measures, in order to argue negligence, culpable conduct, a defect in a product or its design; or a need for a warning or instruction, and is therefore inadmissible. FRE 407. The fact that such evidence is inadmissible and is not evidence of the type to be offered for an alternative purpose, precludes any discovery regarding same. In addition, since consent orders and complaints contain only unadjudicated findings of fact and law, they are equivalent to pleas of nolo contendere. Therefore, under FRE 410, they are inadmissible to prove liability in subsequent litigation against the defendant. Lipsky v. Commonwealth United Corp., 551 F.2d 887, 890-91 (2d Cir. 1976).

16.    Admit that Lex Wimberley did not alter the DIXIE VENGEANCE's course prior to the Collision to avoid the Collision.

**RESPONSE:** Objection. This request presents multiple facts and specific factual assumptions, in a single request. The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response. These compound requests cannot be adequately responded to as a result of the assumptions inserted into them. The request fails to identify a time frame during which this request calls for a response, fails to identify what altering the course is defined as in this context, assumes that an alteration would prevent a collision, or that an alteration would avoid a collision. Additionally, the request is argumentative, as a result of the compound assumptions contained therein. The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper. Any discovery request that requires the adoption of an assumption is argumentative. The request is not specific, and is not designed for a specific admissible response. Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).

17.    Admit that Lex Wimberley could have altered the DIXIE VENGEANCE's course in the minutes prior to the Collision.

**RESPONSE:** Objection. This request presents multiple facts and specific factual assumptions, in a single request. The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response. These compound requests cannot be adequately responded to as a result of the assumptions inserted into them. The request fails to identify a time frame during which this request calls for a response, fails to identify what altering the course is defined as in this context, assumes that an alteration would be safe, reasonable, available, and compatable with the circumstances, or what type of alteration would be possible. Additionally, the request is argumentative, as a result of the compound assumptions contained therein. The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper. Any discovery request that requires the adoption of an assumption is argumentative. The

request is not specific, and is not designed for a specific admissible response. Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).

18. Admit that had Lex Wimberly altered the DIXIE VENGEANCE's course in the minutes prior to the Collision, the Collision would have been avoided.

**RESPONSE:** Objection. This request presents multiple facts and specific factual assumptions, in a single request. The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response. These compound requests cannot be adequately responded to as a result of the assumptions inserted into them. The request fails to identify a time frame during which this request calls for a response, fails to identify what altering the course is defined as in this context, assumes that an alteration would prevent a collision, or that an alteration would avoid a collision. Additionally, the request is argumentative, as a result of the compound assumptions contained therein. The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper. Any discovery request that requires the adoption of an assumption is argumentative. The request is not specific, and is not designed for a specific admissible response. Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).

19. Admit that had Lex Wimberley altered the DIXIE VENGEANCE's course prior to the collision the Spill would have been avoided.

**RESPONSE:** Objection. This request presents multiple facts and specific factual assumptions, in a single request. The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response. These compound requests cannot be adequately responded to as a result of the assumptions inserted into them. The request fails to identify a time frame during which this request calls for a response, fails to identify what altering the course is defined as in this context, assumes that an alteration would prevent a collision, or that an alteration would avoid a collision, requires an assumption as to the EAGLE OTOME's course, speed, orientation and inertia. Additionally, the request is argumentative, as a result of the compound assumptions contained therein. The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper. Any discovery request that requires the adoption of an assumption is argumentative. The request is not specific, and is not designed for a specific admissible response. Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).

20. Admit that Lex Wimberley could have reversed the DIXIE VENGEANCE's engines sooner than he did.

**RESPONSE:** Objection. This request sets no time frame as to when the request calls a response for or when "sooner than he did" is meant to be. This request is argumentative as it implies an assumption, based upon the inclusion of this request in

amongst the other requests in this discovery pleading in that such is intended to require Claimant to admit or deny culpability of an action without identifying the time frame such action should or should not have, did or di not, take place. Clearly this request is contrary to guidelines governing requests for production. Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003). Subject to these objections, Lex Wimberley reversed his engines an innumerable amount of times during his tenure onboard the DIXIE VENGEANCE.

21.    Admit that had Lex Wimberley reversed the DIXIE VENGEANCE's engines sooner than he  actually did the Collision would have been avoided

**RESPONSE:** Objection. This request presents multiple facts and specific factual assumptions, in a single request. The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response. These compound requests cannot be adequately responded to as a result of the assumptions inserted into them. The request fails to identify a time frame during which this request calls for a response, fails to identify what and when reversing engines could occur, assumes that a change to the actions as presented would prevent a collision, or that a change would avoid a collision. Additionally, the request is argumentative, as a result of the compound assumptions contained therein. The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper. Any discovery request that requires the adoption of an assumption is argumentative. The request is not specific, and is not designed for a specific admissible response. Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).

22.    Admit that had Lex Wimberley reversed the DIXIE VENGEANCE's engines sooner than he  actually did the Spill would have been avoided.

**RESPONSE:** Objection. This request presents multiple facts and specific factual assumptions, in a single request. The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response. These compound requests cannot be adequately responded to as a result of the assumptions inserted into them. The request fails to identify a time frame during which this request calls for a response, fails to identify what and when reversing engines could occur, assumes that a change to the actions as presented would prevent a collision, or that a change would avoid a collision. Additionally, the request is argumentative, as a result of the compound assumptions contained therein. The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper. Any discovery request that requires the adoption of an assumption is argumentative. The request is not specific, and is not designed for a specific admissible response. Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).

23.    Admit that Lex Wimberley did not use the DIXIE VENGEANCE's radar function which calculated and displayed targeted vessels' Closest Point of Approach ("CPA").

**RESPONSE:** Objection.   This request presents no time frame during which a response is applicable to.   This request presents multiple facts and specific factual assumptions, in a single request.  The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response.  These compound requests cannot be adequately responded to as a result of the assumptions inserted into them.  The request fails to identify a time frame during which this request calls for a response, fails to identify what vessels were targeted, where they were at, when they were there, and if such was reasonable, required, accepted or needed.   Additionally, the request is argumentative, as a result of the compound assumptions contained therein.  The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper.  Any discovery request that requires the adoption of an assumption is argumentative.  The request is not specific, and is not designed for a specific admissible response. Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).

24.    Admit that had Lex Wimberley used the DIXIE VENGEANCE's CPA function he would have realized the DIXIE VENGEANCE would meet the EAGLE OTOME alongside the GULL ARROW.

**RESPONSE:** Objection.  This request presents multiple facts and specific factual assumptions, in a single request.  The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response.  These compound requests cannot be adequately responded to as a result of the assumptions inserted into them.  The request fails to identify a time frame during which this request calls for a response, assumes that such action is the singular way to identify such issues, assumes that such is reasonable or otherwise, and assumes such is necessary and that such is the singular way of identifying such and assumes that such was not identified.   Additionally, the request is argumentative, as a result of the compound assumptions contained therein.   The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper.  Any discovery request that requires the adoption of an assumption is argumentative.  The request is not specific, and is not designed for a specific admissible response. Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).

25.    Admit that Lex Wimberley was inadequately trained regarding the use of the DIXIE VENGEANCE's CPA function.

**RESPONSE:** Deny.

26.    Admit that Kirby's navigation policies and procedures prior to the Collision inadequately addressed the use of Kirby vessels' radar CPA functions.

12

**RESPONSE:** Deny.

27.     Admit that prior to the Collision, Kirby's training program inadequately addressed the use of the CPA function.

**RESPONSE:** Deny.

28.     NO REQEUST FOR ADMISSON #28 INCLUDED FOR KIRBY INLAND MARINE, LP. TO ANSWER.

29.     Admit that Lex Wimberley, in the period shortly before the Collision, did not know the meeting point between DIXIE VENGEANCE and the EAGLE OTOME was alongside the GULL ARROW.

**RESPONSE:** Objection. This request is improper, argumentative and assumes facts that are not specified in that the time frame for this request is not adequately defined or identified, as "shortly before" is not a set time upon which a request for admission may be propounded. Deny.

30.     Admit that Lex Wimberley, prior to the Collision, did not know the available channel width.

**RESPONSE:** Objection. This request presents multiple facts and specific factual assumptions, in a single request. The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response. These compound requests cannot be adequately responded to as a result of the assumptions inserted into them. The request fails to identify a time frame during which this request calls for a response, fails to identify where the request pertains to, and is not specifically pinpointed to a specific fact point. Additionally, the request is argumentative, as a result of the compound assumptions contained therein. The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper. Any discovery request that requires the adoption of an assumption is argumentative. The request is not specific, and is not designed for a specific admissible response. Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).

31.     Admit that Lex Wimberley, on the day of and prior to the Collision, did not know the stopping distance of the DIXIE VENGEANCE and tow given the operating conditions extant.

**RESPONSE:** Objection. This request presents multiple facts and specific factual assumptions, in a single request. The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response. These compound requests cannot be adequately responded to as a result of the assumptions inserted into them. The request fails to identify a time frame during which this request calls for a response, fails to identify where in the channel the request covers, fails to identify the factors that the request assumes or is based upon,

assumes that an answer is not speculative or whether such is exact, whether such is reasonable or not. Additionally, the request is argumentative, as a result of the compound assumptions contained therein. The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper. Any discovery request that requires the adoption of an assumption is argumentative. The request is not specific, and is not designed for a specific admissible response. Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).

32.   Admit that Lex Wimberley, on the day of and prior to the Collision, did not know the time period for the DIXIE VENGEANCE and tow to come to a stop given the operating conditions extant.

**RESPONSE:** Objection. This request presents multiple facts and specific factual assumptions, in a single request. The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response. These compound requests cannot be adequately responded to as a result of the assumptions inserted into them. The request fails to identify a time frame during which this request calls for a response, fails to identify where in the channel the request covers, fails to identify the factors that the request assumes or is based upon, assumes that an answer is not speculative or whether such is exact, whether such is reasonable or not. Additionally, the request is argumentative, as a result of the compound assumptions contained therein. The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper. Any discovery request that requires the adoption of an assumption is argumentative. The request is not specific, and is not designed for a specific admissible response. Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).

33.   Admit that Lex Wimberley did not appreciate the risk of Collision by taking into consideration that the DIXIE VENGEANCE would meet the EAGLE OTOME alongside GULL ARROW.

**RESPONSE:** Objection. This request presents multiple facts and specific factual assumptions, in a single request. The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response. These compound requests cannot be adequately responded to as a result of the assumptions inserted into them. The request assumes there was a risk of collision at anytime before the EAGLE OTOME, unannounced, unexpectedly, and without any warning, sheered in front of the DIXIE VENGEANCE. Additionally, the request is argumentative, as a result of the compound assumptions contained therein. The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper. Any discovery request that requires the adoption of an assumption is argumentative. The request is not specific, and is not designed for a specific admissible response. Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).

34.   Admit that Lex Wimberley did not take timely action to reduce speed, slow and

stop in the minutes prior to the Collision to avoid the Collision.

**RESPONSE:** Deny.

35.    Admit that Lex Wimberley did not use all available means to maintain a proper look out in the minutes prior to the Collision.

**RESPONSE:** Deny.

36.    Admit that Lex Wimberley did not take vessel traffic into account when determining a safe speed for the DIXIE VENGEANCE in the minutes prior to the Collision.

**RESPONSE:** Deny.

37.    Admit that Lex Wimberley did not know how to operate the CPA feature on the DIXIE VENGEANCE 's radar on the day of the Collision.

**RESPONSE:** Deny.

38.    Admit that Lex Wimberley did not know how to use the DIXIE VENGEANCE 's radar functions regarding the entry of the tow's length data into the AIS feature of the DIXIE VENGEANCE 's radar on the day of the Collision.

**RESPONSE:** Deny.

39.    Admit that, prior to the Collision, Lex Wimberley, while on duty and at the wheel, allided with one or more dock structures in Brownsville, Texas.

**RESPONSE:** Deny.

40.    Admit that after the Collision, Lex Wimberley, while on duty and at the wheel, allided with one or more dock structures in Brownsville, Texas.

**RESPONSE:** Objection. The request is not relevant to any parties claim or defenses and is outside the scope of discovery as it seeks information concerning based on a different incident that is not similar to the incident made the basis of this suit, and occurred a number of years later. Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action.

41.    Admit that prior to the Collision, Lex Wimberley, while on duty and at the wheel, allided with one or more dock structures in Corpus Christi, Texas.

**RESPONSE:** Deny.

42.    Admit that after the Collision, Lex Wimberley, while on duty and at the wheel, allided
       with one or more dock structures in Corpus Christi, Texas.

**RESPONSE:** Objection. The request is not relevant to any parties claim or defenses and is
outside the scope of discovery as it seeks information concerning based on a different incident that
is not similar to the incident made the basis of this suit, and occurred a number of years later. Kirby
further objects that this request is not proportional to the needs of the case because the information
requested is not important to the present action, nor will it assist in resolving the issues in this action.

43.    Admit that prior to the Collision, Lex Wimberley, while on duty and at the wheel, allided
       with a bridge structure and/or bridge fendering system.

**RESPONSE:** Deny.

44.    Admit that after the Collision Lex Wimberley, while on duty and at the wheel, allided
       with a bridge structure and/or bridge fendering system.

**RESPONSE:** Objection. The request is not relevant to any parties claim or defenses and is
outside the scope of discovery as it seeks information concerning based on a different incident that
is not similar to the incident made the basis of this suit, and occurred a number of years later. Kirby
further objects that this request is not proportional to the needs of the case because the information
requested is not important to the present action, nor will it assist in resolving the issues in this action.

45.    Admit that Lex Wimberley failed to report to Kirby the allision with the bridge and/or
       bridge fendering system.

**RESPONSE:** Objection. The request is not relevant to any parties claim or defenses and is
outside the scope of discovery as it seeks information concerning based on a different incident that
is not similar to the incident made the basis of this suit, and occurred a number of years later. Kirby
further objects that this request is not proportional to the needs of the case because the information
requested is not important to the present action, nor will it assist in resolving the issues in this action.

46.    Admit that Lex Wimberley failed to report to the United States Coast Guard the allision
       with the bridge and/or bridge fendering system.

**RESPONSE:** Objection. The request is not relevant to any parties claim or defenses and is
outside the scope of discovery as it seeks information concerning based on a different incident that
is not similar to the incident made the basis of this suit, and occurred a number of years later. Kirby
further objects that this request is not proportional to the needs of the case because the information
requested is not important to the present action, nor will it assist in resolving the issues in this action.

47.    Admit that Lex Wimberley was terminated from Kirby following the allision with the
       bridge and the fendering system.

**RESPONSE:** Objection. The request is not relevant to any parties claim or defenses and is outside the scope of discovery as it seeks information concerning based on a different incident that is not similar to the incident made the basis of this suit, and occurred a number of years later. Kirby further objects that this request is not proportional to the needs of the case because the information requested is not important to the present action, nor will it assist in resolving the issues in this action.

48.     Admit that prior to the Collision Lex Wimberley, (1) while westbound with two loaded barges strung out, (2) had never met an inbound, loaded tanker at the location of the Collision (3) with a vessel moored to the Port of Port Arthur City Docks.

**RESPONSE:** Objection. This request presents multiple facts and specific factual assumptions, in a single request. The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response. These compound requests cannot be adequately responded to as a result of the assumptions inserted into them. The request fails to identify a time frame during which this request calls for a response, and, by its nature, has three separate items each of which is a separate enumerated matter, and any response requires assumptions on one or all of these three enumerated matters. Additionally, the request is argumentative, as a result of the compound assumptions contained therein. The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper. Any discovery request that requires the adoption of an assumption is argumentative. The request is not specific, and is not designed for a specific admissible response. Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).

49.     Admit that prior to the Collision Wimberley had not been trained regarding navigating (1) while westbound with two loaded barges strung out, (2) meeting an inbound, loaded tanker at the location of the Collision (3) with a vessel moored to the Port of Port Arthur City Docks.

**RESPONSE:** Objection. This request presents multiple facts and specific factual assumptions, in a single request. The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response. These compound requests cannot be adequately responded to as a result of the assumptions inserted into them. The request fails to identify a time frame during which this request calls for a response, and, by its nature, has three separate items each of which is a separate enumerated matter, and any response requires assumptions on one or all of these three enumerated matters. Additionally, the request is argumentative, as a result of the compound assumptions contained therein. The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper. Any discovery request that requires the adoption of an assumption is argumentative. The request is not specific, and is not designed for a specific admissible response. Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).

50.    Admit that Lex Wimberley lost sight of the EAGLE OTOME as the DIXIE VENGEANCE was coming around a small bend by the fishing boats.

**RESPONSE:** Objection.  This request presents multiple facts and specific factual assumptions, in a single request.  The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response.  These compound requests cannot be adequately responded to as a result of the assumptions inserted into them.  The request assumes sight lines at unspecific times, assumes positioning in the channel, assumes sight and loss of sight, all of which must be considered prior to responding to this request.  Additionally, the request is argumentative, as a result of the compound assumptions contained therein.  The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper.  Any discovery request that requires the adoption of an assumption is argumentative.  The request is not specific, and is not designed for a specific admissible response.  Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).

51.    Admit that Lex Wimberley's losing sight of the EAGLE OTOME did not affect his assessment of the risk of collision with the EAGLE OTOME.

**RESPONSE:** Objection.  This request presents multiple facts and specific factual assumptions, in a single request.  The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response.  These compound requests cannot be adequately responded to as a result of the assumptions inserted into them.  The request assumes sight lines at unspecific times, assumes positioning in the channel, assumes sight and loss of sight, all of which must be considered prior to responding to this request.  Additionally, the request is argumentative, as a result of the compound assumptions contained therein.  The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper.  Any discovery request that requires the adoption of an assumption is argumentative.  The request is not specific, and is not designed for a specific admissible response.  Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).

52.    Admit that as the EAGLE OTOME began her sheer across the channel toward the GULL ARROW, Lex Wimberley assumed the EAGLE OTOME would correct her course and proceed in bound along the center line of the channel.

**RESPONSE:** Objection.  This request presents multiple facts and specific factual assumptions, in a single request.  The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response.  These compound requests cannot be adequately responded to as a result of the assumptions inserted into them.  The request has no time frame but for an unspecific indication of the movement of the EAGLE OTOME, and does not identify when such is assumed to have occurred or started.  Additionally, the request is argumentative, as

a result of the compound assumptions contained therein.  The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper.  Any discovery request that requires the adoption of an assumption is argumentative.  The request is not specific, and is not designed for a specific admissible response.  Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).

53.     Admit that as the EAGLE OTOME began her sheer across the channel toward the GULL ARROW, Lex Wimberley did not consider that the EAGLE OTOME would not correct the  sheer and, accordingly, Lex Wimberley did not reduce the speed of the DIXIE VENGEANCE.

**RESPONSE:** Objection.  This request presents multiple facts and specific factual assumptions, in a single request.  The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response.  These compound requests cannot be adequately responded to as a result of the assumptions inserted into them.  The request has no time frame but for an unspecific indication of the movement of the EAGLE OTOME, and does not identify when such is assumed to have occurred or started.  Additionally, the request is argumentative, as a result of the compound assumptions contained therein.  The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper.  Any discovery request that requires the adoption of an assumption is argumentative.  The request is not specific, and is not designed for a specific admissible response.  Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).

54.     Admit that Lex Wimberley did not believe a risk of collision existed until he observed the  EAGLE OTOME anchor dropping.

**RESPONSE:** Objection.  This request presents multiple facts and specific factual assumptions, in a single request.  The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response.  These compound requests cannot be adequately responded to as a result of the assumptions inserted into them.  The request has no time frame but for an unspecific indication of the movement of the EAGLE OTOME, and does not identify when such is assumed to have occurred or started.  Additionally, the request is argumentative, as a result of the compound assumptions contained therein.  The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper.  Any discovery request that requires the adoption of an assumption is argumentative.  The request is not specific, and is not designed for a specific admissible response.  Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).

55.     Admit that Lex Wimberley did not reduce the speed of the DIXIE VENGEANCE

until he observed the EAGLE OTOME anchor dropping.

**RESPONSE:** Objection.   This request presents multiple facts and specific factual assumptions, in a single request. The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response.   These compound requests cannot be adequately responded to as a result of the assumptions inserted into them. The request has no time frame but for an unspecific indication of the movement of the EAGLE OTOME, and does not identify when such is assumed to have occurred or started.   Additionally, the request is argumentative, as a result of the compound assumptions contained therein. The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper.   Any discovery request that requires the adoption of an assumption is argumentative. The request is not specific, and is not designed for a specific admissible response.   Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).

56.    Admit that Lex Wimberley did not alter the course of the DIXIE VENGEANCE to avoid the Collision.

**RESPONSE:** Objection. This request is duplicative. This request presents multiple facts and specific factual assumptions, in a single request. The request calls on defendant to assume, or speculate on multiple items, and only after such assumptions and speculations, does the request present itself for a response.   These compound requests cannot be adequately responded to as a result of the assumptions inserted into them. The request fails to identify a time frame during which this request calls for a response, fails to identify what altering the course is defined as in this context, assumes that an alteration would prevent a collision, or that an alteration would avoid a collision.   Additionally, the request is argumentative, as a result of the compound assumptions contained therein. The compound nature of this request requires that an assumption be made, and requiring the adoption of an assumption for a request for admission is improper.   Any discovery request that requires the adoption of an assumption is argumentative.   The request is not specific, and is not designed for a specific admissible response. Henry v. Champlain Enterprises, Incorporated, 212 F.R.D. 73 (N.D.N.Y. 2003).